**George A. HAIER, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 7674.**

United States Court of Appeals
Tenth Circuit.

July 24, 1964.

Page Dobson, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., was with him on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges, and ARRAJ, District Judge.

SETH, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas, dated December 17, 1963, denying appellant's motion under 28 U.S.C.A. § 2255. As grounds for the motion appellant asserted that his confession was coerced and that he was not advised of his constitutional rights at his preliminary hearing. He was represented by appointed counsel during the full hearing given by the trial court. The relief was denied and this appeal was taken.

Appellant entered a plea of guilty in the United States District Court for the District of Kansas to an information containing two counts for forcibly breaking into a building used as a United States Post Office with attempt to commit larceny therein, and for taking and carrying away for his own use with intent to steal and purloin personal property of the United States. Appellant

at the time of arraignment and plea was represented by his retained counsel. Pursuant to a plea of guilty to both counts charged, the appellant was on April 11, 1946, sentenced to five years on count 1 and ten years on count 2, the terms to run consecutively.

On March 13, 1951, appellant filed a motion to vacate pursuant to 28 U.S.C. § 2255, and upon hearing the motion was denied. Appellant was later conditionally released from the penitentiary on July 6, 1955, but was returned before the expiration of his release as a mandatory release violator. Appellant was denied relief on June 20, 1963, upon a hearing on his second motion to vacate filed May 7, 1963. On August 15, 1963, appellant filed the present motion to vacate under 28 U.S.C. § 2255 proceeding in forma pauperis. He is presently confined in the United States Penitentiary at Leavenworth, Kansas, where he is serving the balance of the 1946 sentence.

Appellant asserts that inapplicable rules of law were applied by the trial court during the course of the hearing as evidenced by two conclusions of law made by the trial court. These conclusions, which are III and IV, are as follows:

"III. The Court further finds that although a Motion to Vacate under 2255 is never outlawed by statute of limitation, one must assert certain objections within a reasonable time and must show reasonable diligence in presenting his claim to a Court. The plaintiff in this case did not comply with this Rule. United States v. Moore, 166 F.2d 102, 7th Cir.

"IV. The Court further finds that when a Motion to Vacate is sought no relief can be granted unless it appears that a retrial will result in a judgment different from one sought to be vacated, and in the absence of such showing the judgment will not be set aside."

On conclusion III above, the trial court cited United States v. Moore, 166 F.2d 102 (7th Cir.). This cited case concerned a motion made in 1946 to vacate and set aside a 1928 conviction; it was not apparently a motion under § 2255. The court treated the motion as one in coram nobis, and the opinion states: "In the absence of an applicable statute expressly providing limitation, apparently there is no limitation of time within which * * * a motion to vacate may be filed, except that an applicant must show reasonable diligence in presenting his claim." The court held the motion was not timely filed. We have considered the cited opinion but hold that the requirement or condition it expresses should not be applied to motions under § 2255. The statute, when it states that the motion may be made at any time, excludes the addition of a showing of diligence in delayed filings. A number of courts have considered contentions similar to those made here and have concluded that there are no time limitations. This result excludes the requirement of diligence which is in reality a time limitation. In McKinney v. United States, 93 U.S.App.D.C. 222, 208 F.2d 844, a motion in 1953 was made to vacate a 1938 conviction under 28 U.S.C. § 2255, alleging denial of counsel. The court said: "McKinney's present application for relief comes late in the day: he has served some fifteen years in prison. But tardiness is irrelevant where a constitutional issue is raised and where the prisoner is still confined." In Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, the Supreme Court discussed 28 U.S.C. § 2255. The concurring opinion states: "The words which Congress has used are not ambiguous. * * * 'A motion for such relief [right to be released] may be made at any time.' This latter provision simply means that, as in habeas corpus, there is no statute of limitations, no res judicata, and that the doctrine of laches is inapplicable." This does not however exclude "a limited discretion in the federal judge to deny relief to an applicant under certain circumstances." Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. The Court

there also said in regard to the exhaustion of remedies in habeas corpus proceedings which is applicable here: "Discretion is implicit in the statutory command that the judge, after granting the writ and holding a hearing of appropriate scope, 'dispose of the matter as law and justice require,' 28 U.S.C. § 2243; and discretion was the flexible concept employed by the federal courts in developing the exhaustion rule. Furthermore, habeas corpus has traditionally been regarded as governed by equitable principles. * * * Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." In the case at bar, however, we do not regard the facts as disentitling the applicant to relief.

As to the conclusion of law IV above to the effect that a showing must be made that on a retrial a different result would follow, the appellant relies on Bistram v. United States, 237 F.2d 243 (8th Cir.). There the petitioner obviously could not come within an exception in a criminal statute which he relied upon, the exception being the kidnapping of a minor child by its parent. The petitioner was charged with kidnapping a policeman. The court stated that relief could not be granted unless it appears that a retrial will result in a judgment different from the one sought to be vacated and that, in the absence of such showing, the judgment will not be set aside. The court cited United States v. Bremer, 207 F.2d 247 (9th Cir.), and United States v. Moore, supra. This rule was also stated in the earlier case of Allen v. United States, 162 F.2d 193 (6th Cir.), in reference to a writ of error coram nobis.

An examination of the statutory language indicates a very broad remedy was intended by Congress and nowhere is revealed the test suggested by the trial court in its conclusion IV. The Supreme Court has held that § 2255 in its essential elements is the same as habeas corpus. In United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, the Supreme Court discussed the history of habeas corpus, the background of § 2255, and concluded: "Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, held that § 2255 did not supersede the writ of error coram nobis. Both the majority and dissenting opinions discuss this writ particularly from a historical standpoint. The dissent states: "The writ issued at common law to correct errors of fact unknown to the court at the time of the judgment, without fault of the defendant, which, if known, would probably have prevented the judgment. The probability of a different result if the facts had been known is a prime requisite to the success of the writ." It seems clear that the court below in the instant case applied this rule in the § 2255 proceeding before it.

Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, generally restated the holding in the Hayman case. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383. See Rule 60 of the Federal Rules of Civil Procedure. We stated in United States v. Kelly, 269 F.2d 448 (10th Cir.), cert. den. 362 U.S. 904, 80 S.Ct. 615, 4 L.Ed.2d 555: "The congressional purpose in the enactment of 28 U.S.C.A. § 2255, * * * was to provide that an attack upon a judgment and sentence in a criminal case which previously might have been made in a proceeding in habeas corpus should be made by motion filed in the court in which the sentence was imposed, unless for some reason the remedy by motion is inadequate and ineffective. The form of the attack under the statute is direct, but the scope is limited to matters which may be raised by collateral attack."

The trial court in the case at bar concluded that relief should be denied unless it appeared that a retrial would result in a different judgment. The statute does not suggest such a restriction, and the cases indicate the rule to be that petitioner is entitled to relief if he is illegally imprisoned, without further conditions. The cases agree that § 2255 is commensurate with habeas corpus, and the habeas corpus rule, according to the Hayman case, is that petitioner should be entitled to relief if he is unconstitutionally held.

The trial court had some authority for both conclusions it stated, but we hold that the better view is not to impose either of the requirements or conditions set out in conclusions III or IV.

The case is remanded with directions to the trial court to vacate its order and either grant the petitioner a rehearing or reappraise the evidence in the light of the rules of law laid down in this opinion, make new findings, and enter an appropriate order.