UNITED STATES of America,
Plaintiff–Appellee,

v.

Toby Joe GUTIERREZ,
Defendant–Appellant.

No. 86–2154.

United States Court of Appeals,
Tenth Circuit.

Feb. 10, 1988.

Jennifer A. Salisbury, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with her, on brief), Albuquerque, N.M., for plaintiff-appellee.

Ann Steinmetz, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Before McKAY, SEYMOUR and BALDOCK, Circuit Judges.

PER CURIAM.

Toby Gutierrez (defendant) appeals the denial of his motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. At the beginning of 1965, defendant pleaded guilty to trafficking in heroin. 26 U.S.C. § 4705(a) (1964) (repealed 1970). At that time he was 22 years old and had been addicted to heroin for nine years. He served four years, including a drug rehabilitation program. For ten years defendant maintained a clean record. In 1980, however, he was convicted of heroin trafficking under N.M.Stat.Ann. § 30–31–20(A)(2) (1978). Two years later, New Mexico enhanced his sentence to life imprisonment because of the prior federal offense, pursuant to N.M.Stat.Ann. § 30–31–20(B)(2) (1978). Defendant now argues that his 1965 guilty plea was not knowing and voluntary.

Defendant, who initially appeared pro se in district court but was subsequently represented by counsel, raised three grounds in support of relief. First, defendant alleged that he was suffering from the symptoms of withdrawal from heroin addiction at the time of his plea, and hence was incompetent to enter a knowing and voluntary plea. Second, defendant alleged that neither the court nor his trial counsel advised him of the sentencing range for his offense or that he would not be eligible for suspension, probation, or parole. He argued that his plea was therefore not knowing and voluntary, and that his counsel was ineffective. Third, defendant alleged that he was convicted under a statute which only applies to physicians.

The United States moved to dismiss the motion on the ground that the transcript of the plea proceeding demonstrated that defendant understood the charges to which he was pleading guilty. In the alternative, the government contended that defendant's motion should be dismissed pursuant to Rule 9(a) of the Rules Governing § 2255 Proceedings because the government had been prejudiced in its ability to respond to the motion by defendant's twenty-year delay in bringing the motion. The United States attached letters and an affidavit to the motion to show that the attorneys present at the plea and at sentencing no longer had any specific recollection of defendant's condition.

John F. Quinn, a former assistant United States attorney, wrote a letter indicating that he had no "remembrance of [defendant's] demeanor the morning of the change of plea." The assistant United States attorney at the time of sentencing, Scott McCarty, stated in an affidavit that he had "no specific recollection" of the sentencing. Mr. McCarty noted, however, that if defendant had appeared to be under the influence of heroin or any other illicit drug at the time of sentencing, he would have noticed defendant's condition. Mr. McCarty further stated that if he had believed defendant was under the influence of drugs, he would have brought it to the attention of the judge.

After the defendant filed a response, the government supplemented its motion with a letter from defendant's former counsel, who indicated that a review of the transcript had not refreshed his recollection of events. Counsel also indicated that his files were "no longer retained." He volunteered that he would be happy to cooperate if the government could think of another way to trigger his memory.

In his response, defendant, through counsel, argued that Rule 9(a) was inapplicable because 28 U.S.C. § 2255 states that "a motion for such relief may be made at any time." Defense counsel did not object to the procedural aspects of the case until it was on appeal. Nor was there any meaningful analysis of the substantive issues until the case reached the court of appeals. Only then were the relevant issues briefed

and the substance of the government's position opposed on grounds sufficiently specific to admit of review. Notwithstanding the result in this case, we do not condone this type of practice.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court referred the motion to dismiss to the United States magistrate. The magistrate found that the government had been prejudiced by the delay and that defendant had knowledge of the alleged defects in his plea proceeding for the entire time prior to filing his motion pursuant to § 2255. The magistrate therefore recommended dismissal under Rule 9(a). The magistrate also reviewed the transcript of the plea proceeding and concluded that the defendant's guilty plea was accepted in compliance with Fed.R.Crim.P. 11 as it existed in 1965. The magistrate therefore recommended that in the alternative the district court deny the motion on the merits. The district court adopted the magistrate's recommendation without specifying either alternative.

## I.

### A.

Rule 9(a) states, "A motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred." The district court's dismissal under Rule 9(a) raises the issues of the substantive standards for considering a motion to dismiss under the rule and the proper procedure for reviewing the motion. *See Hill v. Linahan,* 697 F.2d 1032 (11th Cir.1983). Because these issues are related, we will consider them together.

A motion under 28 U.S.C. § 2255 may be filed "at any time." Therefore, the passage of time alone cannot logically be sufficient to bar defendant's motion under Rule 9(a). *Cf. Bowen v. Murphy,* 698 F.2d

381 (10th Cir.1983) (§ 2254 case holding "[d]elay alone is not sufficient to dismiss a petition pursuant to Rule 9(a))." Prior to the adoption by the Supreme Court in 1976 of the Rules Governing § 2255 Proceedings, this court had indicated that any diligence requirement in filing a § 2255 motion would in effect impose a statute of limitations on § 2255, contrary to the language of the statute. *Haier v. United States,* 334 F.2d 441 (10th Cir.1964). This court therefore rejected a diligence requirement per se, although the court indicated that there might be circumstances in which a defendant's conduct would "disentitle him to the relief he seeks." *Id.* at 443.

Rule 9(a) under § 2255 is in accord with our holding in *Haier* that delay in filing alone cannot bar defendant from the relief he seeks. The original draft of Rule 9(a) provided that a rebuttable presumption of prejudice would arise after a delay of five years in seeking relief. H.R.Rep. No. 1471, 94th Cong., 2d Sess. 1, 5, *reprinted in* [1976] U.S.Code Cong. & Ad.News 2478, 2481. Congress, however, rejected even a rebuttable presumption against defendant arising from delay, indicating that it was "unsound policy to require the defendant to overcome a presumption of prejudice and that the [change brought] Rule 9(a) into conformity with other provisions of law," specifically the same provision relied on in *Haier* that a § 2255 motion may be made "at any time." *Id.* at 2481 and 2482 n. 9.

In *Bowen,* we interpreted Rule 9(a) under 28 U.S.C. § 2254, which contains nearly identical language to Rule 9(a) under § 2255. We concluded that the government "must first make a particularized showing of prejudice in its ability to respond." 698 F.2d at 383. Only then does the burden shift to the defendant. *Id.* In accord with the legislative history of Rule 9(a) and the reasoning in *Bowen,* we conclude that the burden of proof remains on the government, regardless of the length of the delay.

Rule 9(a) is also consistent with the equitable standard announced in *Haier* that a defendant's conduct may "disentitle him to the relief he seeks." *Haier,* 334 F.2d at

443. "Subdivision (a) provides a flexible, equitable time limitation based on laches to prevent movants from withholding their claims so as to prejudice the government both in meeting the allegations of the motion and in any possible retrial. It includes a reasonable diligence requirement for ascertaining possible grounds for relief. If the delay is found to be excusable, or non-prejudicial to the government, the time bar is inoperative." Advisory Committee Note to Rule 9, 28 U.S.C. foll. § 2255.

In *McDonnell v. Estelle,* 666 F.2d 246 (5th Cir.1982), the Fifth Circuit addressed Rule 9(a)'s equitable standard under § 2254. "The doctrine of laches, as codified in Rule 9(a), is an equitable one. It is fact-oriented and its application varies from case to case.... While it is clear that the purpose of Rule 9(a) is to permit summary dismissals of stale claims, such dispositions are drastic and final. They should be entered only when the evidence before the court fully satisfies the standards required in the rule." *Id.* at 254–55; *see Bowen,* 698 F.2d at 382. Substantively, then, Rule 9(a) provides to the government what is in essence an equitable affirmative defense.

Rule 9(a) is a substantive rule permitting dismissal of a motion under § 2255 in some circumstances. The Rules Governing § 2255 Proceedings do not suggest the procedure to be used in considering a motion to dismiss under Rule 9(a). The Federal Rules of Civil Procedure therefore apply. Rule 12, 28 U.S.C. foll. § 2255; *see also McDonnell,* 666 F.2d at 249. In view of the substantive requirements of summary disposition under Rule 9(a), a motion under the rule raising factual allegations of prejudice to the government must be characterized as a motion for summary judgment. *Id.* at 250.

■ In recommending that defendant's motion be dismissed under Rule 9(a), the magistrate in the court below entered findings resolving disputed factual issues based solely on evidence submitted by the government, without notice to defendant or an opportunity for him to submit contrary evidence. These circumstances are similar to those considered in *Hill,* 697 F.2d 1032,

and *McDonnell,* 666 F.2d 246. In each case, the appellate court reviewed a dismissal by the district court under Rule 9(a) of § 2254. The magistrate had relied on the state's exhibits, attached to its motion to dismiss, in recommending that the petition be dismissed.

In *McDonnell,* 666 F.2d at 253, the Fifth Circuit held that the district court could not decide a Rule 9(a) motion raising factual allegations of prejudice without giving notice to defendant that the court intended to consider more than the pleadings in ruling on the motion. *Cf. Bowen,* 698 F.2d at 383 (dismissal upheld where state showed prejudice and petitioner "given the opportunity" to respond). The court relied on Fed.R. Civ.P. 56(c), which provides that a party opposing a motion for summary judgment must be served with the motion at least ten days before the hearing. *Id.* at 252. Further, the court noted that "[t]he Advisory Committee Note to Rule 9(a) ... suggests imposing a notice requirement in Rule 9(a) cases" to permit the defendant to explain his delay, and even provides a form for that purpose. *McDonnell,* 666 F.2d at 252–53. *Accord Hill,* 697 F.2d at 1034–35.

This court also recognizes a notice requirement under Fed.R.Civ.P. 56(c). "The provisions of Rule 56(c) for notice to the opposing party and an opportunity for him to serve opposing affidavits are mandatory. Noncompliance therewith deprives the court of authority to grant summary judgment." *Torres v. First State Bank,* 550 F.2d 1255, 1257 (10th Cir.1977). Accordingly, before a court may grant summary judgment, it must give the opposing party the opportunity to submit any material pertinent to the motion as construed. *Id.* The court cannot convert a motion to dismiss to a motion for summary judgment without notice, *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 585 F.2d 454 (10th Cir.1978), unless the opposing party has responded to the movant's attempt to convert the motion by filing his own affidavits, *see Nichols v. United States,* 796 F.2d 361, 364 (10th Cir.1986).

In addition, the Advisory Committee's discussion of Rule 9(a) under § 2254, in-

cluding the suggestion of giving notice prior to dismissal, applies equally to Rule 9(a) motions under § 2255. Advisory Committee Note to Rule 9(a), 28 U.S.C. foll. § 2255. Moreover, Rule 9(a) following § 2255 also provides a form to be sent to the defendant advising him of the possibility of dismissal under Rule 9 and asking him to provide an explanation. Therefore, in accord with the reasoning of the Fifth and the Eleventh Circuits, we hold that the district court must provide notice to defendant prior to considering matters outside of the pleadings in dismissing a § 2255 motion under Rule 9(a). The district court erred in dismissing defendant's motion without giving notice that it intended to treat the government's motion as a motion for summary judgment.

■ We note for guidance of the parties that the government's presentation below was sufficient to raise a prima facie case of prejudice. Once the government has shown such prejudice, "the burden shifts to the petitioner to show either that the state actually is not prejudiced or that petitioner's delay is 'based on grounds which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.'" *McDonnell v. Estelle*, 666 F.2d at 251 (quoting Rule 9(a), 28 U.S.C. foll. § 2254); *see also Bowen v. Murphy*, 698 F.2d at 383.

### B.

■ The magistrate also concluded, and the district court agreed, that there was sufficient information in the record to summarily deny the motion on the merits. In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court held in circumstances very similar to those at bar that the district court should grant an evidentiary hearing on the merits of the petitioner's allegations. In *Sanders*, petitioner alleged that he was mentally incompetent at the time of his guilty plea due to the administration of narcotic drugs during his incarceration. "However regular the proceedings at which [petitioner] ... pleaded guilty might

appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights. For the facts on which petitioner's claim is predicated are outside the record." *Id.* at 20, 83 S.Ct. at 1079 (citations omitted); *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1976) ("the barrier of the plea of sentencing proceeding record, although imposing, is not invariably insurmountable"). Under the circumstances of this case, the district court must provide defendant an evidentiary hearing if it proceeds past Rule 9(a) to the merits of defendant's allegations. *Cf. id.* at 75–76, 97 S.Ct. at 1629–30 (specific factual allegations showing broken promise require hearing despite valid plea record).

### II.

■ Defendant's second ground is that neither the court nor his counsel informed him that his sentence, by statute, would carry no possibility of parole. *See* 26 U.S.C. § 7237(d)(1) (1964) (repealed 1970). The transcript of the plea proceeding does not reflect whether defendant was made aware of his ineligibility for parole if he pleaded guilty. However, the Supreme Court has recently made clear that a trial court's failure to inform the defendant of his parole eligibility is not a basis for withdrawal of a plea on voluntariness grounds. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). The Court also made clear that an issue of attorney ineffectiveness only arises if petitioner alleges that he would not have pled guilty had counsel informed him of his parole eligibility. *Id.* at 60, 106 S.Ct. at 371. In this case, defendant did not make such an allegation. Under *Hill*, therefore, we must affirm the dismissal of his claim that his rights were violated when he was not advised that he would be ineligible for parole.

Finally, defendant, who is represented by counsel on appeal, has not renewed his argument that he was convicted under a statute that did not apply to him. We accordingly deem the issue abandoned.

Under 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The record in this case does not conclusively show that defendant is entitled to no relief. We therefore vacate the district court's judgment and remand for further proceedings.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED insofar as it denies relief for failure of the court or counsel to advise him of ineligibility for parole. On the issue of drug addiction affecting the voluntariness of his plea, the judgment is VACATED, and the cause is REMANDED for further proceedings consistent with this opinion.

The mandate shall issue forthwith.