977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. DASH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-36045.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1992.
Decided Oct. 6, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Dash, a federal prisoner, timely appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 1291; we reverse and remand with respect to Count I and affirm the district court on all other issues.
 
 
 3
 * In 1983, Dash entered a guilty plea to a charge by information of manufacturing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1988). The district court sentenced Dash to five years' imprisonment, followed by a five year special parole term. Seven years passed before Dash filed a § 2255 motion to vacate, set aside, or correct his sentence.
 
 
 4
 Dash alleged two grounds for relief in the § 2255 motion. Count I alleged that the district court did not explain in sufficient detail the maximum possible sentence. Count II claimed the plea was involuntary because, although the district court recommended that the sentence be served concurrently with an unrelated sentence, the Parole Commission had a policy which mandated that such terms run consecutively. In a separate petition to amend, Dash quarreled with the classification of methamphetamine as a controlled substance.
 
 
 5
 Sometime between Dash's plea and § 2255 motion, the court reporter lost the transcript of the change-of-plea hearing. The magistrate denied Count I of the motion under Rule 9(a), Section 2255 Rules. Mag. F & R at 3. This section states that a § 2255 motion may be barred "... if it appears that the government has been prejudiced in its ability to respond to the motion by delay in the filing...." The magistrate denied Count II of the motion because "subsequent actions of the parole commission ... do not retroactively affect the validity of a conviction...." Mag. F & R at 4. The magistrate noted the absence of action of any kind on the petition to amend. He found, however, that the proposed amendment challenging the classification of methamphetamine as a controlled substance did not establish entitlement to § 2255 relief. Mag. F & R at 5. The district court adopted the magistrate's report.
 
 II
 
 6
 We review appeals under § 2255 de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Mere passage of time is insufficient to bar a motion under Rule 9(a). United States v. Gutierrez, 839 F.2d 648, 650 (10th Cir.1988). The government must make a "particularized showing of prejudice in its ability to respond." Id. "The language of Rule 9(a) seems to envision that before the doctrine of laches may be applied to section 2255 motions, the delay must have been inexcusable and must have prejudiced the government." Rizzo v. United States, 821 F.2d 1271, 1273 (7th Cir.1987) (emphasis in original).
 
 
 7
 Since there is no particularized link between the seven year delay and the loss of the transcript, the district court erred in dismissing Count I with prejudice in reliance on Rule 9(a). The loss of the transcript prejudiced both Dash and the government. The burden of proof in habeas corpus lies with the petitioner. However, unless the record conclusively shows that the petitioner is not entitled to relief, the district court must hold an evidentiary hearing before denying a § 2255 motion. Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985). Given the loss of the transcript, it is impossible to reach such a conclusion without an evidentiary hearing. On remand, the district court shall permit Dash to produce evidence from any available collateral source to prove the facts alleged in his petition.
 
 III
 
 8
 The remainder of Dash's claims are without merit. Dash raises the violation of the Court Reporter's Act, 28 U.S.C. § 753, for the first time on appeal. This claim is not properly before the court. Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991).
 
 
 9
 In denying relief on Count II, the magistrate correctly relied on United States v. Addonizio, 442 U.S. 178, 190, 99 S.Ct. 2235, 2243 (1979) (subsequent actions of the parole commission do not retroactively affect the validity of the final judgment). The district court found Dash's plea to be voluntary. "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). The district court's decision on Count II is not clearly erroneous.
 
 
 10
 Despite assertions to the contrary, methamphetamine is properly classified as a schedule II controlled substance. United States v. Housley, 955 F.2d 622 (9th Cir.1992) (per curiam); United States v. Durham, 941 F.2d 886 (9th Cir.1991).
 
 
 11
 Dash raised two claims of ineffective assistance of counsel and alleged governmental breach of the plea agreement. These two claims were not grounds in the original § 2255 motion or the petition to file amendment. These claims are not properly before us. Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991).
 
 V
 
 12
 The district court acted too quickly in disposing of Count I. We REVERSE and REMAND to allow Dash the opportunity to prove the facts alleged in his petition. In all other aspects, the district court's judgment is AFFIRMED. Each party shall bear its own appeal costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3