**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

GARY RAY CROWELL,

      Defendant - Appellant.

No. 98-2064
(D.C. No. CIV-97-587-JC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Crowell, an inmate now represented by counsel on appeal, challenges

the district court's denial of his 28 U.S.C. § 2255 motion upon recommendation

of the magistrate judge. Mr. Crowell's motion was filed on April 25, 1997,

subsequent to the April 23, 1997 deadline for such petitions under § 2255's one-

year limitation period and United States v. Simmonds, 111 F.3d 737, 745-46 (10th

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Cir. 1997). Although Mr. Crowell contends that he placed his motion in the prison mail system on April 22, 1997, the magistrate determined that the mailbox rule was inapplicable to render the motion timely. Our subsequent cases have recognized the mailbox rule in this context, see Hoggro v. Boone, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); see also Barnett v. Lemaster, 167 F.3d 1321, 1322 n.2 (10th Cir. 1999); accordingly, we hold that the motion was timely. Moreover, as we discuss below, Mr. Crowell sought relief from his sentence before the deadline and was advised by the district court to file another pleading. In these circumstances, it was error to consider the motion untimely.

In the alternative, the magistrate judge denied the motion because (1) it was untimely under Rule 9(a) of the Rules Governing § 2255 Proceedings, (2) all claims save ineffective assistance of counsel were procedurally barred by failure to raise them on direct appeal or were waived by Mr. Crowell's guilty plea, and (3) all claims were without merit. On appeal, Mr. Crowell seeks a certificate of appealability, an evidentiary hearing, and judgment in his favor. He argues that (1) he should not be precluded by Rule 9(a), (2) he was denied due process and effective assistance of counsel when counsel failed to perfect a direct appeal, (3) the indictment was improper, (4) the government failed to disclose exculpatory evidence, (5) he should have been allowed to withdraw his plea of guilty because it was not knowing and voluntary, (6) his attorney should have been allowed to

withdraw, (7) he was denied effective assistance of counsel, (8) insufficient evidence supports his conviction. The government has moved to dismiss the appeal because Mr. Crowell was denied a certificate of appealability by the district court. We deny the government's motion, grant a certificate of appealability, affirm in part, reverse in part, and remand for further proceedings.

## Background

On April 10, 1987, after a jury had been selected, Mr. Crowell plead guilty to one count of kidnaping, 18 U.S.C. § 1201(a)(1), based upon an abduction of a fourteen-year-old victim in Mesa, Arizona. The victim's aunt and uncle saw her get into Mr. Crowell's stolen vehicle but were unable to follow. The victim was abused sexually but was able to escape the next day. Mr. Crowell contends that his guilty plea was pursuant to North Carolina v. Alford, 400 U.S. 25, 37-38 (1970), and that he is factually innocent but unable to prove it; the government disputes this. On May 26, 1987, the day before sentencing, Mr. Crowell sought to withdraw his plea on the grounds that he had not been aware of the discovery material provided by the government. The district court held a hearing prior to sentencing, denied the motion to withdraw the plea, and sentenced Mr. Crowell to life imprisonment. No appeal was taken. Thereafter, Mr. Crowell relates that he was convicted in Arizona where he received two life sentences, consecutive with

each other and the federal sentence. The government informs us that any transcripts of Mr. Crowell's change of plea hearing and sentencing no longer exist.

## Discussion

Because no evidentiary hearing was held below, our review is de novo. See United States v. Powell, 159 F.3d 500, 500 (10th Cir. 1998), cert. denied, 119 S. Ct. 1088 (1999). However, whether an evidentiary hearing should have been held is a matter we review for an abuse of discretion. United States v. Whalen, 976 F.2d 1346, 1349 (10th Cir. 1992).

Ordinarily, we would regard this as a second or successive petition under 28 U.S.C. § 2255, subject to certification by the Court of Appeals. As the magistrate judge noted, in another proceeding Mr. Crowell filed a motion to vacate and re-enter his sentence for purposes of appeal, ostensibly under Fed. R. Civ. P. 60(b)(6), which would have no application here, and sought an enlargement of the one-year deadline under § 2255. See R. doc. 13 at 6 (citing United States v. Crowell, No. 97-420 JC/LCS (filed March 28, 1997)). This constitutes a § 2255 motion. See United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998), cert. denied, 119 S. Ct. 1156 (1999). The district court denied Mr. Crowell's requests and advised Mr. Crowell to file (another) § 2255 motion rather

than appeal. For that reason alone, we do not consider the instant § 2255 motion to be subject to the certification requirement.

## A. Rule 9(a)

Under Fed. R. Crim. P. 11(g) a verbatim record of plea proceedings is required, and such records are to be retained for not less than ten years. See 28 U.S.C. § 753(b). Ordinarily, disposition of several of the claims raised by Mr. Crowell would require an evidentiary hearing, given the lack of transcripts. See United States v. Chavez, 862 F.2d 1436, 1438-39 (10th Cir. 1988). The magistrate judge determined that Mr. Crowell's claims would be barred by Rule 9(a) because transcripts did not exist and the passage of time prejudiced the government's ability to refute his allegations. Although § 2255 now contains a one-year limitation period, we see no reason to depart from our past Rule 9(a) case law holding that the mere passage of time cannot bar relief under the rule. See United States v. Gutierrez, 839 F.2d 648, 650 (10th Cir. 1988). Instead, the government has the burden of making a particularized showing of prejudice in its ability to respond. Id. Only then does the burden of production shift to a defendant to show that the government is not prejudiced or that the defendant's delay "is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the

government occurred." Rules Governing § 2255 Proceedings, Rule 9(a); Gutierrez, 839 F.2d at 652. Rule 9(a) dismissal requires notice and an opportunity to respond; it is akin to summary judgment. See Gutierrez, 839 F.2d at 651-52.

Given these standards, the magistrate's sua sponte Rule 9(a) determination cannot stand. The government did not raise a Rule 9(a) defense in its response, see Smith v Secretary of New Mexico Dep't of Corrections, 50 F.3d 801, 820 n.30 (10th Cir. 1995) (Rule 9(a) is like an affirmative defense that is waived if not plead), let alone carry its initial burden, and Petitioner was not given notice. When the government pointed out the absence of transcripts (without claiming prejudice), Mr. Crowell correctly responded that federal law required their preservation. See R. doc. 10 at 2.

## B. Evidentiary Hearing

The gateway for many of Mr. Crowell's claims is ineffective assistance of counsel and denial of the right to a direct appeal. See Evitts v. Lucey, 469 U.S. 387, 396 (1985). If Mr. Crowell can establish actual or constructive denial of the right to counsel in perfecting an appeal, prejudice is presumed. See Strickland v. Washington, 466 U.S. 668, 692 (1984); Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir. 1995); Hannon v. Maschner, 845 F.2d 1553, 1558-59 (10th Cir. 1988).

Mr. Crowell contends that (1) he was not advised of his right to appeal at sentencing, (2) he did not receive his counsel's letter advising him to appeal (with suggested grounds) by June 8, 1987, until it was too late, and (3) he attempted to file a motion for a late appeal some days after June 10, 1987, but the clerk of the district court rejected the motion. Propositions (1) and (3) may seem questionable given Fed. R. Crim. P. 4(b) (district court may extend the time to file a notice of appeal) and 32(a)(2) (district court must inform defendant of right to appeal) then in effect. However, denial of an evidentiary hearing is appropriate only where "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255; United States v. Galloway, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (en banc). As the government recognized below, several of the ineffective assistance of counsel claims in the case would require an evidentiary hearing if the government's procedural defenses were rejected. See R. doc. 9 at 17-18; see also Machibroda v. United States, 368 U.S. 487, 494-95 (1962); Moore v. United States, 950 F.2d 656, 661 (10th Cir. 1991). We think the same can be said of the Mr. Crowell's claims that his plea was not knowing and voluntary, particularly given the lack of a transcript. On remand, Mr. Crowell may proceed with appointed counsel. See United States v. Leopard, No. 98-7013, 1999 WL 140541, *2 (10th Cir. Mar. 16, 1999).

Some of the claims,[1] however, are plainly without merit and do not need further factual development. In that category is the claim that the superseding indictment was faulty because it failed to indicate that the purpose of the kidnaping was for ransom, reward or otherwise. The superseding indictment merely indicated that the act was "for the purpose of keeping the said [victim] as his own." R. doc. 13 at 2. A defendant who pleads guilty to an offense waives all non-jurisdictional defects, see United States v. Broce, 488 U.S. 563, 569 (1989); regardless, the indictment was proper. See Bailey v. United States, 410 F.2d 1209, 1216-17 (10th Cir. 1969) (indictment alleging kidnapper's purpose was sexual gratification held sufficient); United States v. McCabe, 812 F.2d 1060, 1062 (8th Cir. 1987) ("or otherwise" part of kidnapping statute broadly interpreted to encompass diverse motives).

Mr. Crowell also contends that the government failed to disclose exculpatory evidence, specifically a runaway report on the victim with information from her aunt and uncle that she attempted to hide from them at the scene, as opposed to signaling them for help. In limited circumstances, a Brady violation may render a guilty plea involuntary, see United States v. Wright, 43 F.3d 491, 496 (10th Cir. 1994), but these are not the circumstances. Mr. Crowell cannot show that evidence was suppressed by the prosecution, that it was

_____

[1] Issues (3), (4) & (8) above.

favorable to him, or that it was material.  See Moore v. Reynolds, 153 F.3d 1086, 1112 (10th Cir. 1998), cert. denied, 119 S. Ct. 1266 (1999).  Mr. Crowell's motion indicates that the information was in his counsel's file.  His real complaint is that he had not been told about it, although he admits that he had been furnished with some discovery information before the plea.  See R. doc. 1 at "Memorandum of Grounds for Appeal" at 2.

Regardless, we fail to see the relevance of whether the victim hid or signaled for help in the context of consent.  Moreover, given the prosecution's version, see R. doc. 9 at 1-2; doc. 11 at A1-A2, and the elements of the offense, impeaching the probable testimony of the aunt and uncle on this point hardly would have been controlling in a decision to plead guilty.  Cf. Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Stated another way, the report is not material; it does not create a reasonable probability that the likely outcome of a trial would have been different.  See Kyles v. Whitley, 514 U.S. 419, 433-38 (1995); United States v. Bagley, 473 U.S. 667, 681 (1985).

Finally, Mr. Crowell's attack on the sufficiency of the evidence is barred by his plea.  See Broce, 488 U.S. at 570; United States v. Maher, 108 F.3d 1513, 1528-29 (2d Cir. 1997).

We express no opinion on the merits of the remaining claims.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge