**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0701n.06
Filed: November 17, 2008

**Nos. 06-3858, 06-4365**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CINDY SHEARER AND LENARD | ) | SOUTHERN DISTRICT OF OHIO |
| HATCHER, | ) | |
| | ) | |
| Defendants-Appellants. | | |

**BEFORE: NORRIS, ROGERS and KETHLEDGE, Circuit Judges.**

**ROGERS, Circuit Judge.** Defendants Shearer and Hatcher appeal the sentences imposed by the district court after both pled guilty to charges arising out of the same drug-trafficking operation. Shearer argues that (1) the Government breached its plea agreement by not moving for a downward departure from the sentence recommended in her Presentence Investigation Report ("PSR") and (2) the sentence is procedurally unreasonable because the district court failed to take into account the factors listed in 18 U.S.C. § 3553(a). Hatcher argues that (1) his plea was not knowingly and voluntarily made because he was under the influence of prescription pain medication and (2) his sentence is substantively unreasonable because the district court should have sentenced him to home incarceration given his failing health. The Government did not breach its plea agreement with Shearer and therefore its actions are not plainly erroneous. Nor is the district court's

acceptance of Hatcher's plea plainly erroneous. Because both defendants knowingly and voluntarily waived their right to appeal, we affirm their sentences.

**I.**

Shearer and Hatcher were associated with a cocaine-trafficking ring that operated out of an apartment complex in Cincinnati, Ohio. In August 2005, Shearer, Hatcher, and twelve others were indicted for their activities in the cocaine-trafficking conspiracy. Shearer was charged with six counts of using telecommunications to further the conspiracy. Hatcher was charged with conspiracy to distribute more than 50 grams of cocaine and distribution of more than 5 grams of cocaine.

Both defendants pled guilty. Shearer pled guilty to a single count of the indictment and waived her right to appeal, in exchange for dismissal of the other five counts. In Shearer's plea agreement, the Government agreed to consider moving under U.S. Sentencing Guidelines § 5K1.1 (2006) for a downward departure from the sentencing recommendation in her PSR, if Shearer provided substantial assistance to the Government in its ongoing investigations. The Government never made such a motion. Hatcher pled guilty to the conspiracy-to-distribute charge and waived his right to appeal, in exchange for dismissal of the distribution charge. The Government moved for a reduction in Hatcher's sentence recommendation because he provided substantial assistance. The district court sentenced Shearer to 21 months in prison and 1 year of supervised release, and sentenced Hatcher to 46 months in prison and 3 years of supervised release. These appeals followed.

**II.**

Defendants make three arguments on appeal: (A) Shearer argues that the Government's failure to move for a downward departure breached her plea agreement and constitutes plain error; (B) Hatcher argues that the district court's acceptance of his plea when he was under the influence of pain medication constitutes plain error; and (C) both Shearer and Hatcher argue that their sentences are unreasonable. The first two contentions do not have merit and the third is precluded by the defendants' valid waivers of their right to appeal.

**A. The Government's decision not to move for a downward departure did not breach Shearer's plea agreement and therefore there is no plain error.**

The Government's failure to move for a downward departure for substantial assistance under § 5K1.1 did not breach its plea agreement with Shearer and therefore there is no error. Because Shearer did not raise this issue at trial, this court reviews the Government's action under the plain error standard. *United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004); *see also United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002).

When the plea agreement gives the government complete discretion to determine whether the defendant provided substantial assistance, there is only error where the government's decision was based on an unconstitutional motive. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). In this case, the Government had complete discretion about whether to make the substantial assistance motion. The plea agreement stated that "no substantial assistance motion has been

promised," but that Shearer "could *qualify* for such a motion." But "only the United States' Attorney's Office, in its sole discretion, may apply for a downward departure" and "the determination of whether [Shearer] has provided substantial assistance . . . is within the sole discretion of the United States' Attorney's Office . . . and is not reviewable by the Court." At the plea hearing, this provision was described by the prosecutor and Shearer stated that she understood it. Shearer has not alleged any unconstitutional motive and therefore there is no error.

The government's failure to make a motion simply is not a breach of a plea agreement where the government retains sole discretion to make the motion. This is not a case where the Government made an absolute promise. *See United States v. Fitch*, 282 F.3d 364, 366-67 (6th Cir. 2002); *Barnes*, 278 F.3d at 646. The Government only promised that if substantial assistance was provided, Shearer would *qualify* for a downward departure. Even if Shearer had provided substantial assistance, it was still within the discretion of the Government to decide whether to file. The plea agreement was not breached and therefore there is no error.

**B. It was not plainly erroneous for the district court to accept Hatcher's plea, even though he was under the influence of pain medication at the time of the plea.**

The district court did not err in accepting Hatcher's plea even though Hatcher was under the influence of prescription pain medication at the time of the plea. Hatcher's plea was valid because it was knowingly, voluntarily, and intelligently made. *Brady v. United States*, 397 U.S. 742, 748 (1970). Hatcher did not raise this issue below, so this court reviews the district court's acceptance

of the plea under the plain error standard. *United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004).

It was not plainly erroneous for the district court to accept Hatcher's plea. The district court thoroughly inquired about Hatcher's competency as required by Fed. R. Crim. P. 11. "[The district court must] verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005). The court specifically asked Hatcher whether the medicine "affect[ed] [his] ability to think clearly," and stated "I want you to understand you're pleading guilty to a very serious crime . . . and that you're doing it voluntarily and intelligently and knowingly and willfully and not under any misapprehension." Hatcher affirmed that he was competent to make the plea. Furthermore, the district court asked defense counsel whether Hatcher was competent and counsel stated that he was. Hatcher's responses to the district court's inquiry and follow up questions show that he was competent. The Third Circuit has similarly held that a plea was knowing and voluntary where the defendant was taking mental health medications and the lower court had specifically inquired about the drugs and their effects. *See United States v. Lessner*, 498 F.3d 185, 193-94 (3d Cir. 2007). The district court in this case accepted Hatcher's plea because he was "in the full possession of his facilities[,] . . . [was] not under the apparent influence of narcotics . . ., [and] he understands the nature of the charge." This decision is not plainly erroneous.

Nor did the district court err by not conducting a competency hearing.[1] Whether a district court need order a competency hearing is within its informed discretion. "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). While drugs can affect one's mental processes, there is no indication here that the drugs *did* so affect Hatcher as to put the district court on notice that a competency hearing was necessary. The district court thoroughly questioned Hatcher and was satisfied that he was competent. Under these circumstances, the district court's decision to forgo the competency hearing and accept Hatcher's plea is not plainly erroneous.

## C. Both Shearer and Hatcher waived their right to appeal their sentences.

The remaining claims are precluded by appellate waivers. "[A] defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). Both Shearer and Hatcher waived their right to appeal in identical plea agreement provisions:

> The defendant is aware that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this,

---

[1] *United States v. Gutierrez*, 839 F.2d 648 (10th Cir. 1988), is distinguishable from the facts of this case. In *Gutierrez*, the district court collaterally reviewed a proceeding from thirty years earlier to determine whether the defendant had made a voluntary plea in that proceeding. *Id.* at 649. Because "the facts on which petitioner's claim is predicated [we]re outside the record," an evidentiary hearing was necessary. *Id.* at 652. Here, the district court was directly observing Hatcher's behavior and could make its own determination whether a hearing was needed.

> in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, or to appeal the manner in which the sentence was imposed.

A waiver is valid where the district court "address[es] the defendant personally in open court . . . [and] inform[s] the defendant of . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). In both cases, the prosecutor summarized in open court the terms of the plea agreement as they related to the waiver of the right to appeal. Rule 11(b) is not violated where the prosecutor, rather than the court, "fully explain[s]" the plea "to defendant in open court." *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006); *see also McGilvery*, 403 F.3d at 362.

Under Rule 11, the waiver is effective if understood by the defendant and voluntarily made. Fed. R. Crim. P. 11(b)(1), (2); *see also United States v. Sharp*, 442 F.3d 946, 949 (6th Cir. 2006). In both cases, the district court asked whether the defendant understood the plea as described by the prosecutor. Both defendants stated that they did, although the court did not specifically ask whether the defendant understood the appellate waiver provision. However, "the district court's failure to inquire specifically as to whether [the defendant] understood the appellate-waiver provision [is] not erroneous," as long as the provision is "adequately explained . . . in open court." *Sharp*, 442 F.3d at 951. In both cases, the district court found that the defendants understood the waiver and made the decision to waive their rights voluntarily. *See* Fed. R. Crim. P. 11(b)(2).

Because these waivers are valid, we enforce them and refrain from reviewing the reasonableness of the defendants' sentences.

## III.

The judgments of the district court are affirmed.