52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Alton HARPER, Defendant-Appellant.
 No. 94-3104.
(D.C. No. 93-CR-20069)
 United States Court of Appeals, Tenth Circuit.
 April 17, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Defendant-Appellant Mr. Harper appeals his conviction and sentence for armed bank robbery, 18 U.S.C. 2113(a),(d), and for carrying a firearm during and in relation to a crime of violence, 18 U.S.C. 924(c), all occurring on July 20, 1992. He contends that (1) he was deprived of his Sixth Amendment right to a speedy trial, (2) he was denied his right to allocution, Fed.R.Crim.P. 32(c)(3)(C), (3) he was denied his Sixth Amendment right to counsel because the district court did not grant trial counsel's motion to withdraw, and (4) the district court failed to make findings concerning challenges to the presentence report, Fed.R.Crim.P. 32(c)(1). Our jurisdiction arises under 28 U.S.C. 1291 and 18 U.S.C. 3742(a). We affirm the conviction, but remand for resentencing.
 
 
 2
 The parties are familiar with the facts and we will not state them here. Mr. Harper contends that his Sixth Amendment right to a speedy trial was violated while similar bank robbery charges in the Western District of Missouri were pending and he was in federal custody (within Kansas) on those Missouri charges. The Missouri charges were resolved on November 16, 1993. Three days later (November 19, 1993), Mr. Harper had an initial appearance in Kansas, having been charged with the Kansas robbery by criminal complaint (August 17, 1993), and later indicted (September 8, 1993). We agree with the government that review of this claim would be for plain error because it was not raised below, see I R. doc. 22, and furthermore, that Mr. Harper's Sixth Amendment claim vis-a-vis the Kansas bank robbery did not accrue before the Kansas criminal complaint (which was followed by a trial on January 10, 1994). See United States v. McDonald, 456 U.S. 1, 6-7 (1982). The custody related to Mr. Harper's Missouri trial for a different bank robbery simply does not pertain to the Kansas bank robbery charges. Mr. Harper's complaint is really one for pre-accusation delay, and it is meritless. See United States v. Marion, 404 U.S. 307 (1971).
 
 
 3
 Mr. Harper contends that the district court did not afford him the right to allocution, Fed.R.Crim.P. 32(c)(3)(C).[3] Mr. Harper asked to be removed during the motion phase of sentencing, and was later returned for imposition of sentence. Mr. Harper did not request allocution, nor was he advised of it. While we understand the difficulty encountered by the trial court during these proceedings, the rule must be followed, see Green v. United States, 365 U.S. 301, 304, and we will remand for resentencing, United States v. Muniz, 1 F.3d 1018, 1025 (10th Cir.), cert. denied, 114 S.Ct. 575 (1993), unable to find that the events constituted a waiver of the right.
 
 
 4
 Mr. Harper contends that he was denied his Sixth Amendment right to counsel of choice when the district court would not allow his second appointed attorney to withdraw. The purpose of the Sixth Amendment is to "guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988). An indigent Defendant does not have a right to counsel of choice, and we find no abuse of discretion in the district court's denial of the motion to withdraw. See United States v. Mendoza-Salgado, 964 F.2d 993, 1014-16 (10th Cir.1992). We have reviewed defense counsel's motion for a new trial, as well as the transcript of the motion hearing, and disagree with appellate counsel that this constitutes ineffective representation.
 
 
 5
 Mr. Harper finally contends that the district court failed to make findings concerning unresolved objections to the presentence report, Fed.R.Crim.P. 32(c)(1).[4] The record indicates that Mr. Harper chose voluntarily not to participate in the presentence investigation because he wanted different representation; although he told the district court that the presentence report was "very inaccurate," V. R.S. 14, he has waived the challenge to it at this time. See United States v. Manarite, 44 F.3d 1407, 1419, amended, 1995 WL 108266 (9th Cir.1995); United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir.1991). The district court is not clairvoyant; specific objections are required to invoke the procedural protections of Rule 32. See United States v. Aleman, 832 F.2d 142 (11th Cir.1987).
 
 
 6
 Conviction AFFIRMED. REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 Formerly, Rule 32(a)(1)(C)
 
 
 [4]
 Formerly, Rule 32(c)(3)(D)