**UNITED STATES COURT OF APPEALS**

<u>**Filed 4/12/96**</u>

**TENTH CIRCUIT**

—————

DON A. HARPER,                          )
                                        )
    Petitioner-Appellant,          )
v.                                      )          No. 96-1057
                                        )          (D.C. No. 96-S-207)
UNITED STATES DISTRICT COURT,           )          (Dist. of Colorado)
KANSAS CITY; KANSAS JUDGE VAN           )
BEBBER; R.S. STREEPY, U.S.              )
Prosecutor; LARRY C. PACE,              )
Attorney; VERNON LEWIS, Attorney,       )
and others,                             )
                                        )
    Respondents-Appellees.         )

—————

**ORDER AND JUDGMENT**[*]

—————

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

—————

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Don Alton Harper (Harper), appearing <u>pro</u> <u>se</u> and in forma pauperis, appeals from the district court's <u>sua</u> <u>sponte</u> dismissal of

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

his "Application to Proceed Under the Mandamus Act Invokes Title 28 U.S.C. 1651 (A) Shows Cause Orders - Cross-Claim, Conflict of Interest of Two States Invokes Now 28 1404 Short Title Acts 28 1 NT," with an attached diversity of citizenship complaint captioned in the United States District Court for the District of Kansas.

Harper is incarcerated in the Federal Correctional Facility at Florence, Colorado. His application-complaint sought a writ of mandamus directed to the United States District Court for the District of Kansas to docket his various claims against individuals involved in the criminal case brought against him. The district court dismissed Harper's complaint and action as legally frivolous pursuant to 28 U.S.C. § 1915(b).

On appeal, in a rambling, disjointed pro se brief entitled "Opening Brief - Diversity of Citizenship - Deliberate Indifference Standard," Harper generally alleges disregard of the law, judicial usurpation, denial of a fair trial, insufficient evidence, lack of probable cause to believe a crime had been committed, questions of realignment of parties for purposes of diversity jurisdiction, conspiracy to violate civil rights, and reckless disregard to the suffering inflicted. Harper demands his immediate release from false imprisonment.

It is well settled that a petitioner for a writ of mandamus must show, by clear and indisputable evidence, that the writ should issue. Mallard v. United States, 490 U.S. 296, 309 (1989).

We review the district court's dismissal under § 1915(d) for an abuse of discretion. <u>Green v. Seymour</u>, 59 F.3d 1073 (10th Cir. 1995). Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Id</u>. at 1077 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

We affirm substantially for the reasons set forth in the district court's "Order of Dismissal" entered and dated January 31, 1996.

**AFFIRMED**.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge