94 F.3d 656
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES, Plaintiff-Appellant,
v.
Donald A. HARPER, Defendant-Appellee.
 No. 95-3219.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1996.
 
 1
 Before PORFILIO and HOLLOWAY, Circuit Judges, and HOLMES, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 HOLMES, District Judge.
 
 
 4
 Donald A. Harper was convicted on one count of armed bank robbery and one count of using a firearm during and in relation to a crime of violence in the United States District Court for the District of Kansas. In this appeal, he challenges that portion of his sentence which requires him to pay restitution in the amount of $6,166.00. We affirm.
 
 
 5
 In United States v. Harper, 1995 WL 228267 (10th Cir.1995), we affirmed Mr. Harper's conviction and remanded the case to the district court for resentencing. On remand, the district court sentenced Mr. Harper to a term of imprisonment of 281 months for the armed bank robbery conviction with an additional 60 months for the firearm conviction. In addition, the court imposed five and three-year sentences of supervised release to be served concurrently upon his release from prison. The court also ordered Mr. Harper to pay restitution in the amount of $6,166.00. Mr. Harper objected to imposition of restitution on the grounds that he had no available means to pay. The court denied the objection, noting that the Federal Bureau of Prison's Inmate Financial Responsibility Program would allow Mr. Harper to make restitution payments during his incarceration. The court further stated that those obligations would continue when supervised release commenced under the direction of the United States Probation Office. Mr. Harper timely appealed the restitution portion of the court's order.
 
 
 6
 We review the factual findings underlying a district court's restitution order only for clear error. United States v. Teehee, 893 F.2d 271, 273-74 (10th Cir.1990). We review the amount of the restitution order for an abuse of discretion. United States v. Richards, 738 F.2d 1120, 1122 (10th Cir.1984). We have held that
 
 
 7
 [i]n determining whether a restitution order is an abuse of discretion, we consider whether the defendant actually had assets available to pay the restitution, or, even if no assets exist, whether there is sufficient "earning potential" or "earning ability" to create an objectively reasonable possibility that the restitution can be paid.
 
 
 8
 United States v. Williams, 996 F.2d 231, 233 (10th Cir.1993) (emphasis added).
 
 
 9
 Relying upon the presentence investigation report prepared by the Probation Office, rec., vol. III, at 15, Mr. Harper claims that he has no assets or liabilities and therefore no capacity to pay. However, even if he does not have the current ability to pay restitution, we conclude that the district court did not abuse its discretion in finding that Mr. Harper has sufficient earning potential to create an "objectively reasonable possibility" that he will be able to meet his restitution obligations in prison and on supervised release.
 
 
 10
 Federal inmates who work earn an average of $1,000 a year. Williams, 996 F.2d at 234.. The Inmate Financial Responsibility Program allows up to 50% of those funds to be accessed for payment of fines, special assessments, and other court-ordered financial obligations. 28 C.F.R. § 545.10; Williams, 996 F.2d at 234. Mr. Harper is serving a sentence of over 28 years. Thus, if he pays $500 per year toward the restitution, Mr. Harper can completely satisfy his obligation within 13 years. Also, Mr. Harper can supplement his income while in prison by "participating in the prison industries program and selling products of his labor." Williams, 996 F.2d at 235. We therefore conclude that the district court did not abuse its discretion in ordering Mr. Harper to pay restitution in the amount of $6,166.
 
 
 11
 For the reasons set forth above, we AFFIRM the district court's order of restitution and, consequently, the sentence imposed in this case.
 
 
 
 *
 The Honorable Sven Erik Holmes, United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470