**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DON ALTON HARPER,

      Petitioner - Appellant,

v.

SAM L. PRATT, Warden,

      Respondent - Appellee.

No. 03-1081
(D.C. No. 02-Z-986)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Don Alton Harper appeals *pro se* the district court's denial of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks

this court for leave to proceed *in forma pauperis*. For the reasons set forth below,

we deny him *in forma pauperis* status and affirm the district court's denial of the

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

petition.

Mr. Harper was convicted of bank robbery in the United States District Court for the District of Kansas. His conviction and sentence were affirmed by this court on direct appeal. *United States v. Harper*, No. 94-3104, 1995 WL 228267 (10th Cir. Apr. 17, 1995). Mr. Harper then filed a succession of 28 U.S.C. § 2255 motions in the District of Kansas, the first of which was actually filed under § 2241 but construed under § 2255, all of which were denied. Mr. Harper also initiated a mandamus action, which was dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(b) and affirmed on appeal. *See Harper v. United States Dist. Ct.*, No. 96-1057, 1996 WL 174701 (10th Cir. April 12, 1996).

In the instant case, Mr. Harper brought a petition under § 2241 before the United States District Court for the District of Colorado,[1] in which he attacks the validity of his conviction and sentence. As the district court explained in its order, the purposes of petitions brought under § 2241 and § 2255 are distinct. A petition under § 2241 attacks the execution of the sentence, and is brought in the district in which the petitioner is confined, while a petition under § 2255 attacks the validity of the conviction and sentence, and must be brought before the court that imposed the sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.

---

[1] Mr. Harper is currently in the custody at the Federal Correctional Institution at Englewood, Colorado.

1996); *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). Furthermore, § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence unless it is inadequate or ineffective. *Johnson*, 347 F.2d at 366. Only in that rare scenario would § 2241 provide an alternative form of relief. *See Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).

It is clear from Mr. Harper's *pro se* brief on appeal that he is challenging the validity, rather than the execution, of his conviction and sentence. The district court was therefore correct in determining that a petition under § 2255 was the sole remedy available to him in the absence of a showing of ineffectiveness or inadequacy of that remedy. Mr. Harper makes no such showing. We have previously held that the restrictions on filing successive § 2255 motions do not render the § 2255 remedy inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Nor do the denials of relief in his previous § 2255 proceedings indicate the inadequacy or ineffectiveness of this remedy. *See Williams*, 323 F.2d at 673. Because Mr. Harper has an adequate and effective remedy under § 2255 in the District of Kansas, where he was sentenced, § 2241 is inappropriate for this case. The district court's denial of the petition was therefore correct.

Mr. Harper seeks leave to proceed *in forma pauperis* on appeal. However,

because he has not shown the existence of a reasoned, nonfrivolous argument on the law and the facts in support of reversing the district court's dismissal of his action, we deny him *in forma pauperis* status.  *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Accordingly, we **DENY** the motion for *in forma pauperis* status and **AFFIRM** the district court's denial of the habeas petition.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge