**Clell JOHNSON, Appellant,**

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 8106.**

United States Court of Appeals
Tenth Circuit.

June 21, 1965.

Maxwell E. Osborn, Cheyenne, Wyo., for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The appellant Johnson was convicted in the United States District Court for the Northern District of California for the offense of transporting in interstate commerce falsely made securities in violation of 18 U.S.C. § 2314. The sentences on the different counts in the information on which he was convicted totalled 10 years. While serving these sentences in the United States Penitentiary at McNeil Island, Washington, Johnson escaped. Thereafter he was sentenced to serve an additional term of 4 years consecutively with the sentences he was then serving. He is now confined in the United States Penitentiary at Leavenworth, Kansas, and brings this habeas corpus action alleging that the California sentence is invalid. This appeal is from an order dismissing the petition without a hearing.

The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. Carte v. Taylor, 10 Cir., 347 F.2d 364; Barkan v. United States, 10 Cir., 341 F.2d 95; Sanchez v. Taylor, 10 Cir., 302 F.2d 725, cert. denied 371 U.S. 864, 83 S.Ct. 124, 9 L.Ed.2d 101; Black v. United States, 10 Cir., 301 F.2d 418, cert. denied 370 U.S. 932, 82 S.Ct. 1618, 8 L.Ed.2d 832. The remedy is commen-

surate with that which was previously available by habeas corpus. Barkan v. United States, supra; Williams v. United States, 10 Cir., 323 F.2d 672, cert. denied Davis v. United States, 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749. The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined. Haier v. United States, 10 Cir., 334 F.2d 441; Martin v. United States, 10 Cir., 273 F.2d 775, cert. denied 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816, rehearing denied 366 U.S. 915, 81 S.Ct. 1088, 6 L. Ed.2d 239; United States v. Kelly, 10 Cir., 269 F.2d 448, cert. denied 362 U.S. 904, 80 S.Ct. 615, 4 L.Ed.2d 555.

It is contended that Section 2255 proceedings in this case would be inadequate and ineffective because the Washington sentence would prevent immediate release if the California sentence were invalidated. Generally it has been held that relief under Section 2255 is not available to a prisoner unless he is entitled to immediate release. Woykovsky v. United States, 9 Cir., 309 F.2d 381, cert. denied 374 U.S. 838, 83 S.Ct. 1889, 10 L.Ed.2d 1059. This is also the rule in habeas corpus proceedings. Osborne v. Taylor, 10 Cir., 328 F.2d 131, cert. denied 377 U.S. 1002, 84 S.Ct. 1936, 12 L.Ed.2d 1051; Wood v. Crouse, 10 Cir., 327 F.2d 81; Browning v. Crouse, 10 Cir., 327 F.2d 529; Dickenson v. Davis, 10 Cir., 245 F.2d 317, cert. denied 355 U. S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278.

We cannot, however, assume that the California court will deny Johnson a hearing on the validity of his judgment and sentence in that court or that there is no available relief there. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. In the Woykovsky case, the motions were treated as proceedings in the nature of a writ of coram nobis, and the prisoner's contentions were considered on their merits.

Affirmed.