Filed 10/4/96

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CORDELL SMALL,

    Petitioner-Appellant,

    v.

WILLIAM PERRILL,

    Respondent-Appellee.

No. 96-1165
(D.C. No. 96-S-151)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Cordell Small, appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. We affirm.[1]

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] While this appeal was pending, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Section 102 of Title I of the Act provides that a certificate of appealability must be granted before an appeal may be

(continued...)

Petitioner is currently confined in federal prison in Colorado. He was sentenced in Montana United States District Court to a 97-month term of imprisonment in 1992 for assault with a dangerous weapon resulting in bodily injury, use of a dangerous weapon in relation to a crime of violence, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 1153, 113(c), 924(c)(1), 922(g)(1), and 924(a)(2). His direct appeal was affirmed by the Ninth Circuit Court of Appeals in an unpublished decision. He filed a 28 U.S.C. § 2255 motion to vacate or correct his sentence, arguing the same as he did in his direct appeal--that his trial counsel rendered ineffective assistance by failing to challenge violation of his wife's spousal privilege not to testify against him, by failing to seek dismissal of the felon in possession of a firearm charge based on a valid defense, and by admitting his guilt during closing argument. The motion was denied and the denial was affirmed. United States v. Small, 51 F.3d 284 (9th Cir. 1995) (table).

Petitioner raises the same issues here as those previously asserted in his direct appeal and in his § 2255 motion. In dismissing this action, the district court concluded the proper remedy was to file a § 2255 motion, and that the action was a successive petition.

We review the denial of the § 2241 petition de novo. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The purposes of petitions filed under § 2241 and § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of

---

[1](...continued)
taken in certain habeas proceedings. However, we have held that no certificate of appealability is required for an appeal from the denial of a § 2241 petition "which is neither a 'final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court' nor a 'final order in a proceeding under section 2255.'" Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Because Small filed its petition pursuant to § 2241, we conclude no certificate of appealability is required.

a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw, 86 F.3d at 166. In contrast, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." Id. (citation omitted). Unless determined to be inadequate or ineffective, a § 2255 petition is "[t]he exclusive remedy for testing the validity of a judgment and sentence." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). If the remedy provided by § 2255 fails to adequately test the legality of a prisoner's confinement, a § 2241 petition is appropriate. See 28 U.S.C. § 2255; Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied 377 U.S. 980 (1964). However, a prisoner's failure to obtain relief in a previous § 2255 motion does not demonstrate the remedy is inadequate or ineffective. Bradshaw, 86 F.3d at 166.

Here, petitioner attempts to attack the validity of his convictions and sentence under § 2241, claiming as he previously did in his direct appeal and his § 2255 motion that he was denied effective assistance of counsel. Although he acknowledges the availability of § 2255 to assert his challenges, he argues he must be allowed to proceed under § 2241 because the remedy provided by § 2255 is inadequate and ineffective. More specifically, he argues § 2255 is inadequate and ineffective because the sentencing court and the Ninth Circuit failed to give adequate consideration to his previous § 2255 motion.

We reject petitioner's arguments. The fact that his previous § 2255 motion was denied does not demonstrate it is an inadequate and ineffective remedy.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
