UNITED STATES COURT OF APPEALS

**Filed 12/23/96**

FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 95-3352 |
| | (D.C. No. 95-3279-RDR) |
| RICHARD L. RESER, | (D. Kan.) |
| Defendant-Appellant. | |

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Defendant-appellant Richard L. Reser, appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion. We agree with the district court that defendant's motion is abusive under Rule 9(b) governing motions under § 2255 and affirm.

Defendant is currently incarcerated in the federal prison at Leavenworth, Kansas. He was convicted and sentenced in Kansas federal district court of six counts of violations of federal firearm and controlled substance law and sentenced to 360 months' imprisonment on counts I, IV, and V, a concurrent term of 180 months' imprisonment on count III, and two consecutive terms of 60 months' imprisonment on counts II and VI.

Following a direct appeal which was affirmed by this court, United States v. Reser, No. 90-3001 (10th Cir. Oct. 4, 1990)(unpublished order and judgment), defendant filed a motion to vacate sentence under § 2255 which was denied by the district court and affirmed on appeal to this court, United States v. Reser, No. 92-3205 (10th Cir. Dec. 10, 1992)(unpublished order and judgment). Defendant then filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The district court, construing the petition as a motion to vacate, set aside, or correct sentence pursuant to § 2255, denied defendant's motion as abusive and unmeritorious.

On appeal, defendant argues that the district court erred (1) in originally assigning the case to the wrong judge; (2) in construing his § 2241 petition as a motion under § 2255; (3) in finding that defendant's motion was abusive; (4) in finding that defendant's motion was unmeritorious; and (5) in denying defendant's motion for recusal. When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings of fact for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).[1]

Defendant filed his § 2241 petition in federal district court in Kansas. Chief United States District Court Judge G.T. Van Bebber construed defendant's petition as a motion under § 2255, and transferred the case to United States District Court Judge Richard D. Rogers, who had been defendant's sentencing judge. In his first claim of error on appeal, defendant alleges that the district court committed reversible error in initially assigning his petition to "the wrong judge." Under § 2255, a prisoner may move the court that imposed sentence to vacate, set aside, or correct the sentence. Defendant has provided no legal authority in support of his contention that the handling of the judicial assignment

---

[1] On April 24, 1996, while defendant's appeal was pending in this court, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (the Act). Section 102 of Title I of the Act provides that a certificate of appealability must be granted before an appeal may be taken in a § 2255 habeas proceeding. We have determined that this provision of the Act is not applicable to cases filed prior to the Act's effectiive date. See United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996).

of his case was inappropriate. Therefore, we conclude that defendant's assertion of error is legally frivolous.

Second, defendant argues that the district court erred in construing his § 2241 petition as a motion under § 2255. We do not agree. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence . . . and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Id. (citations omitted). Section 2255 provides a method of determining the validity of a judgment by the court which imposed the sentence, and is "'[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective.'" Id. (quoting Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)). A § 2241 petition is not "an additional, alternative, or supplemental remedy" to § 2255. Id.

In his § 2241 petition, defendant claimed that his trial counsel was ineffective, that his sentence was too severe because he was convicted of possessing D-methamphetamine, when he actually possessed S-methamphetamine, that his sentence was illegally enhanced as a career offender, that the controlled substance he was convicted of possessing was a Schedule III, not a Schedule II, controlled substance, and that there was insufficient evidence to convict him

under 18 U.S.C. § 922(g). These claims clearly attack the validity of his sentence, not its execution. Moreover, defendant does not assert any meritorious argument in support of his assertion that § 2255 is an inadequate and ineffective avenue for his claims. See Bradshaw, 86 F.3d at 166 (a failure to obtain relief in a prior § 2255 motion does not demonstrate that the remedy is inadequate or ineffective). Therefore, we discern no error in the district court's construction of his petition as a § 2255 motion.

Next, defendant asserts that the district court erred in finding his motion to be abusive. A § 2255 motion can be deemed abusive if defendant raises new issues which could have been raised in his previous post-conviction proceedings. Schlup v. Delo, 115 S. Ct. 851, 863 n.34 (1995). Unless defendant establishes "cause and prejudice" sufficient to excuse his failure to raise the claims in his previous post-conviction challenges to his conviction, or demonstrates that a miscarriage of justice will result if a claim is not considered, his motion is properly dismissed as abusive. See id. at 862-65.

We have read and reviewed defendant's voluminous pleadings and construed them liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991). We determine that defendant has made no showing of cause and prejudice or a miscarriage of justice which would serve to excuse his default. Thus, the district court properly dismissed defendant's motion as abusive.[2]

Finally, defendant asserts that the district court erred in denying his motion for recusal. We review a recusal decision for an abuse of discretion. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1508 (10th Cir. 1995). The basic test for recusal is whether a reasonable person, armed with the relevant facts, would doubt the judge's impartiality. Id. Defendant's arguments with respect to his allegation of bias are predicated on little more than the court's construction and dismissal of his claims under § 2255. See Liteky v. United States, 510 U.S. 540, 555 (1994)(adverse judicial rulings are almost never a valid basis for a recusal motion). Defendant's statements of conclusions, beliefs, and opinions in his affidavit of bias are insufficient to form a basis for recusal. See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)("[U]nsupported, irrational or highly tenuous speculation" is an inappropriate ground for recusal).

---

[2] Because we affirm the district court's dismissal of defendant's motion as an abuse of the writ, we need not address defendant's challenge to the district court's alternative basis for dismissal of the motion as unmeritorious.

Accordingly, we AFFIRM the dismissal of the petition and the denial of the motion for recusal. The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge