**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID J. FULLER,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 97-1277

D. Colorado

(D.C. No. 97-B-1058)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **MCKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David James Fuller appeals the district court's order dismissing without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Mr. Fuller essentially alleges in his petition and on appeal that his convictions in the United States District Court for the Northern District of Iowa were void for lack of jurisdiction.  The magistrate judge recommended that the petition be dismissed for lack of jurisdiction because Mr. Fuller should have sought relief under 28 U.S.C. § 2255 in the court that sentenced him, and the district court agreed.

It is well established that § 2255 is the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective" and that such an action must be brought in the district court which imposed the sentence.  Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965); see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  A petition under § 2241, on the other hand, "attacks the execution of a sentence" and "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding.  Bradshaw, 86 F.3d at 166 (citations omitted).  Mr. Fuller argues that § 2255 is insufficient because the Constitution guarantees the right to pursue a writ of habeas corpus and does not compel the use of § 2255.  R., Doc. 3 at 9-11.  The constitutionality of § 2255 has

---

[1] We note that a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241.  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

long been established, see Sanders v. United States, 373 U.S. 1, 14 (1963); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), and we find no reason why proceeding under it in this case would be inadequate or ineffective.

Accordingly, we GRANT Mr. Fuller's motion to proceed in forma pauperis and AFFIRM the district court's dismissal of his § 2241 petition without prejudice.  See Bradshaw, 86 F.3d at 167.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge
