F I L E D
United States Court of Appeals
Tenth Circuit

OCT 2 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ARTHUR MORRISON,

      Petitioner - Appellant,

v.

MICHAEL PUGH,

      Respondent - Appellee.

No. 98-1278
(D.C. No. 98-D-1358)
(District of Colorado)

ORDER AND JUDGMENT [*]

Before **ANDERSON** , **McKAY** and **LUCERO** , Circuit Judges.

Pro se petitioner Arthur Morrison appeals the district court's dismissal of

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We affirm.

Morrison brought this action, which challenges his confinement in the

Federal Correctional Institution at Florence, Colorado, in the United States

District Court for the District of Colorado. The district court issued Morrison an

order to show cause why his application should not be denied because he has an

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

adequate and effective remedy under 28 U.S.C. § 2255. Following Morrison's response, the district court dismissed the application without prejudice, finding that Morrison had not shown the § 2255 remedy to be "inadequate or ineffective."

Morrison, while temporarily incarcerated in the Federal Transfer Center at Oklahoma City, filed a prior habeas petition in the Western District of Oklahoma. The district court dismissed his petition on the ground that, even if § 2241 was a proper basis for his claim, the court lacked jurisdiction because Morrison was, by that time, no longer in custody in Oklahoma; we affirmed. See Morrison v. Guzik, Nos. 97-6351, 97-6416, 1998 WL 380539 (10th Cir. June 30, 1998). We noted that Morrison's claims in that petition attacking the validity of his sentence were "properly within the province of a § 2255 petition." Id. at *2.

28 U.S.C. § 2255 provides that a prisoner in federal custody may attack the validity or duration of his or her sentence through a motion to the court that imposed the sentence. It additionally provides that

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. In contrast, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district

- 2 -

where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Morrison attacks the jurisdiction of the United States District Court for the Southern District of New York. This is clearly an attack on the validity of his sentence, and thus cannot be brought under § 2241. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Bradshaw, 86 F.3d at 166 (quoting Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965); cf. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (listing matters that constitute attacks on the execution of a sentence). Morrison has offered no arguments on appeal as to why 28 U.S.C. § 2255 is "inadequate or ineffective" in his case. The district court properly found that his arguments below, including allegations of bias and inability to raise a § 2255 motion while his direct appeal was still pending, failed to indicate the level of inadequacy necessary to obviate recourse to that remedy. See Bradshaw, 86 F.3d at 167. Accordingly, we conclude that the district court did not err in denying Morrison's § 2241 petition and dismissing his action without prejudice.

On appeal, Morrison renews his motion to proceed in forma pauperis. To succeed on this motion, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v.

- 3 -

<u>Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991). We previously rejected Morrison's contention that his attacks on his conviction and sentence should be brought in the form of a § 2241 petition, see <u>Morrison</u>, 1998 WL 380539 at *2, and Morrison offers no nonfrivolous arguments to distinguish his claims in this appeal. Therefore, we deny the motion to proceed in forma pauperis. Appellant's motions to supplement his brief are denied.

**AFFIRMED.** The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge