**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NOAH R. ROBINSON,

      Petitioner-Appellant,

v.

A. M. FLOWERS,

      Respondent-Appellee.

No. 99-6025
(W. District of Oklahoma)
(D.C. No. CIV-98-796-A)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Noah R. Robinson, proceeding *pro se*, appeals the district court's dismissal without prejudice of Robinson's "Motion to Vacate Conviction and Execution of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sentence, and to Dismiss Indictment With Prejudice Pursuant to 28 U.S.C. §§ 2241, 2242." In his petition, Robinson alleged as follows: (1) the government violated his "statutory rights pursuant to 18 U.S.C. § 2742 **during the sentencing hearing**"; (2) the government violated his rights under the Ex Post Fact and Double Jeopardy Clauses "**prior to and during trial**"; (3) the district court applied the wrong Sentencing Guidelines Manuel "**during the sentencing hearing**"; (4) the district court violated his rights under the Due Process and Equal Protection Clauses "**during the sentencing hearing**"; and (5) the government failed to properly charge, "**prior to trial**," a prosecutable RICO offense within the limitations period set forth in 18 U.S.C. § 3282.

The district court dismissed the petition pursuant to this court's decision in *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), concluding that Robinson needed to raise these claims in a 28 U.S.C. § 2255 petition in the district which imposed the challenged sentences. In *Bradshaw*, this court summarized the differences between § 2241 and § 2255 petitions as follows:

> A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255. *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 984 (1964).
> A 28 U.S.C. § 2255 petition attacks the legality of detention, *Barkan v. United States*, 341 F.2d 95, 96 (10th Cir.), *cert. denied*, 381 U.S. 940 (1965), and must be filed in the district that imposed the

sentence, *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

*Id.*

In what can best be charitably described as creative appellate advocacy, Robinson contends that because his challenges, if successful, would shorten the duration of his sentence, they are more appropriately considered as challenges to the "execution" of his sentence. Robinson's contentions are clearly foreclosed by circuit precedent. Because each of Robinson's challenges go to events occurring at or prior to sentencing, he must bring his claims in a § 2255 petition in the district that imposed the sentence. *See id.* at 167 (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980), for proposition that "petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing").

Upon *de novo* review of the parties' briefs and contentions, the district court's orders, and the entire appellate record, this court affirms for substantially

those reasons set out in the district court orders dated November 4, 1998, and December 3, 1998. The judgment of the United States District Court for the Western District of Oklahoma is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge