**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER O. WELCH,

Plaintiff-Appellant,

v.

E.J. GALLEGOS, Warden,

Defendant-Appellee.

No. 05-3287

District of Kansas

(D.C. No. 05-CV-3260-RDR)

**ORDER AND JUDGMENT***

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Christopher O. Welch appeals the district court's dismissal of his petition

for habeas corpus under 28 U.S.C. § 2241.  We affirm.

In 1997 Mr. Welch was convicted in the United States District Court for the

Southern District of Mississippi after pleading guilty to a violation of 18 U.S.C. §

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is
therefore submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

2119. He was sentenced to 150 months' imprisonment and was incarcerated at the United States Penitentiary, in Leavenworth, Kansas. He did not file a direct appeal, but did seek post-conviction relief pursuant to 28 U.S.C. § 2255. A request to file a successive § 2255 petition was denied in 2001.

In his § 2241 petition, Mr. Welch claimed that the District Court for the Southern District of Mississippi lacked subject matter jurisdiction over his case and requested that his conviction and sentence be set aside. The district court below dismissed the petition, finding that it challenged the validity of his conviction rather than the execution of his sentence, and thus could be raised only under § 2255.

Mr. Welch now asserts that the district court's dismissal of his petition contradicted Circuit precedent as set forth in *Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996), and argues that he should be allowed to proceed under § 2241 because his remedy under § 2255 has effectively been foreclosed.[2] However, *Bradshaw* explicitly reaffirmed the long-standing principle that the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at

---

[2]Mr. Welch argues that because § 2255 requires the district court to dismiss any habeas corpus petition brought by a petitioner who is "authorized" to file a § 2255 petition, and he is not so authorized, his § 2241 petition should not be dismissed. Pet. Br. p 3. However, this language does not imply that a prisoner who is not authorized to file under § 2255 is therefore authorized to file under § 2241.

166 (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)). *Bradshaw* further recognized that "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Id.* at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)). Mr. Welch has shown only that his previous § 2255 petition was unsuccessful, and not that the statutory remedy was inadequate or ineffective. Thus, the district court did not err in dismissing his petition.

Because Mr. Welch's claim should have been raised under § 2255, and because § 2255 claims must be raised before the district court that imposed the sentence, *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980), the district court below lacked jurisdiction over the claim and properly declined to review the merits of Mr. Welch's petition. *See In re Dep't of Energy Stripper Well Litig.*, 206 F.3d 1345, 1351 (10th Cir. 2000); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-96 (1998).

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge