FILED
United States Court of Appeals
Tenth Circuit

February 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENST CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL BRYANT YAZZIE, JR.,

Defendant-Appellant.

No. 09-2223
(D.C. Nos. 1:09-CV-00740-BB-WPL and
1:02-CR-00785-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Daniel Bryant Yazzie, Jr., appeals a district court's denial of his motion to void his

conviction and release him from custody. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

In 2003, Yazzie was convicted of a federal crime. He did not appeal his

_____

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

conviction or sentence. In 2009, he filed a motion seeking to void his conviction, citing

Fed. R. Civ. P. 60(b). Yazzie argued that the trial court lacked jurisdiction and was an

improper venue, that the prosecuting attorney made fraudulent misrepresentations to the

court, and that the prosecutor failed to join a necessary party. Determining that 28 U.S.C.

§ 2255 provides the "exclusive avenue for challenging a federal criminal conviction or

sentence," and that Yazzie's motion could not properly be recharacterized as a § 2255

petition because it would be time-barred, the district court denied the motion. It later

denied a subsequent, substantially identical motion for the same reasons, and denied

Yazzie's motion to proceed in forma pauperis ("IFP"). Yazzie timely appealed.[1]

Yazzie has neither challenged the district court's conclusion that § 2255 is an

adequate and effective remedy, nor challenged the district court's decision that his

motion should not be recharacterized as a § 2255 petition. Instead, he seeks to reassert

his motion under Rule 60(b). However, Yazzie may not challenge his conviction and

sentence under Rule 60(b) because "[t]he exclusive remedy for testing the validity of a

[federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for

---

[1] The district court denied Yazzie a certificate of appealability ("COA"). Because the district court treated the motion as a civil proceeding, however, a COA is not required. We apply the time limit for filing notices of appeal in civil cases. See Fed. R. Civ. P. 4(a)(1)(A).

in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).[2]

Construing his pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Yazzie's second Rule 60(b) motion could be recharacterized as a petition for a writ of error coram nobis. But Yazzie is ineligible for a writ of error coram nobis because he is currently in custody for the conviction he seeks to challenge. See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis.").

We therefore **AFFIRM** the district court's order denying Yazzie's motion. Because he has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** Yazzie's motion to proceed IFP on appeal.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2] Under certain circumstances, however, a federal prisoner may challenge the denial of a § 2255 petition under Rule 60(b). See generally Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

3