**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIM E. HOLZ a.k.a. TIMOTHY
EDWARD HOLZ,

          Petitioner - Appellant,

v.

J. OLIVER,

          Respondent - Appellee.

No. 14-1240
(D.C. No. 1:14-CV-00960-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Timothy Holz, a federal prisoner proceeding *pro se*, appeals the dismissal

of his action brought pursuant to 28 U.S.C. § 2241. He had pled guilty to bank

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

robbery and was sentenced to 210 months in prison. He did not appeal his conviction or sentence, nor did he file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Mr. Holz filed the instant petition, alleging that "[t]he ACA and the bop [Bureau of Prisons] have violated the legal contract (plea agreement) between the U.S. District Court [and] this defendant with use of illegal digital video recorders executing this 210 month sentence illegally [and] unconstitutionally. The contract is null and void!" Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at 2; R. Vol. 1 at 2. He identifies the "ACA" as the "American Correctional Association, Inc." Mr. Holz purported to be "challenging the fact o[f] my confinement as well as its duration of execution in illegal and unconstitutional housing facilities." Id. at 3. As a remedy, he asked for his "immediate release." He was incarcerated at the United States Penitentiary, High Security, in Florence, Colorado when he initiated the instant action. Mr. Holz is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

On April 9, 2014, the magistrate judge to whom the matter had been referred granted Mr. Holz leave to proceed pursuant to 28 U.S.C. § 1915 and directed him to show cause within thirty days why the habeas application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court (the Western District of Oklahoma). Mr.

Holz filed a response to the order to show cause, claiming that he "is not challenging his criminal conviction" but rather is "challenging the execution of his 210 month sentence because use of the fiberoptic digital video recorders in all bop institutions is absolutely illegal and unconstitutional." Response at 1; R. Vol. 1 at 23.

The district court subsequently denied Mr. Holz's 28 U.S.C. § 2241 petition and dismissed the action without prejudice because Mr. Holz failed to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. As the court explained:

> Mr. Holz is challenging the validity of his conviction and sentence in this habeas corpus action. He specifically contends that "ACA" . . . and the BOP have violated his plea agreement by running fiber optic digital video recorders in all federal prison facilities. As relief, he asks for his immediate release. Mr. Holz's allegations are insufficient. Applicant fails to allege how the BOP's running video recorders in its prison relates to his plea agreement. Even if his allegations were sufficient, they relate to his conviction and sentencing, not the execution of his sentence. The Court did not require Mr. Holz to file an amended application that provides a clear statement of the claim he is asserting because it appeared that whatever claim he is his asserting may not be raised in this habeas corpus action under § 2241.

Order of Dismissal at 2-3; R. Vol. 1 at 27-28. The district court further stated:

> The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. " A petition under 28 U.S. C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or

> supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965); see 28 U.S.C. § 2255(e).

Id. at 3; R. Vol. 1 at 28. The court further observed that Mr. Holz bears the burden of demonstrating that the remedy available pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011). And, this burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010); see also Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1998) (noting that the remedy available under § 2255 is inadequate or ineffective only in "extremely limited circumstances").

As the district court concluded, Mr. Holz fails to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. The fact that he may be time-barred from filing a § 2255 motion in the sentencing court is not enough, by itself, to demonstrate that the remedy provided by § 2255 is inadequate or ineffective. See Carvalho, 177 F.3d at 1178. The district court accordingly denied Mr. Holz's application and dismissed the

-4-

action.[1]  The court also certified pursuant to § 1915(a)(3) that any appeal from its order would not be taken in good faith and therefore it denied Mr. Holz's request to proceed *in forma pauperis* ("*ifp"*)on appeal.

Mr. Holz appeals that dismissal and seeks the right to proceed *ifp* on appeal.  We affirm the district court's dismissal for the reasons stated by the court, as explained above.  The court's analysis is thorough and clear.  We also deny Mr. Holz's request to proceed *ifp* on appeal.

AFFIRMED.  We also deny any other pending motions by Mr. Holz.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[1]The district court further noted that to the extent Mr. Holz is complaining about the conditions of his confinement (i.e., the use of fiber optic digital video recorders in the federal prison facility in which he is confined), he may do so in a Bivens action, under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.

The court also noted that Mr. Holz already has three or more dismissals for frivolousness or failure to state a case.  See Holz v. McFadden, 2011 WL 2883108 (C. D. Cal. July 19, 2011) (noting that Mr. Holz has at least fourteen dismissals in federal court for frivolousness or failure to state a claim on which relief can be granted); Holz v. McFadden, 2010 WL 3069740 (C.D. Cal. Aug. 5, 2010).