**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCOS ANTONY BOYCE, a/k/a
MARK BOYCE,

      Petitioner – Appellant,

v.

DAVID BERKEBILE, Warden,

      Respondent – Appellee.

No. 14-1398
(D.C. No. 1:14-CV-01481-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

      Marcos Boyce, a federal prisoner held in Colorado, appeals following the

dismissal of his 28 U.S.C. § 2241 petition.  Exercising jurisdiction under 28 U.S.C.

---

      * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).   The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1291, we affirm.

## I

In 1995, Boyce was convicted in the U.S. District Court for the Northern District of Georgia of being an accessory to the murder of a fellow prisoner. As Boyce acknowledged below, he has attempted on several occasions to collaterally attack that conviction. In 1999, Boyce filed a 28 U.S.C. § 2255 habeas motion, which was dismissed. Boyce then unsuccessfully attempted to challenge the validity of his underlying conviction via a § 2241 petition filed in the U.S. District Court for the District of Colorado, which was dismissed in 2001. And, in 2005, the Eleventh Circuit denied Boyce's motion for permission to file a second or successive § 2255 motion based on evidence Boyce claimed to have newly discovered.

Most recently, Boyce filed, through counsel, a § 2241 petition in the U.S. District Court for the District of Colorado. The district court dismissed the petition, concluding that Boyce had an adequate and effective remedy available in the sentencing court, and the existence of such a remedy deprived it of jurisdiction. Boyce timely appealed.

## II

We review the denial of § 2241 relief de novo. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A proper § 2241 petition attacks the execution of a sentence and must be filed where a prisoner is confined. Bradshaw, 86 F.3d at 166. A § 2255 motion, in contrast, attacks the underlying legality of the detention itself and must be filed in the

-2-

sentencing court.  <u>Bradshaw</u>, 86 F.3d at 166.  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  <u>Johnson v. Taylor</u>, 347 F.2d 365, 366 (10th Cir. 1965); <u>see also</u> 28 U.S.C. § 2255(e).  Boyce bears the burden of showing that his remedy under § 2255 is inadequate or ineffective.  <u>Prost v. Anderson</u>, 636 F.3d 578, 584 (10th Cir. 2011).  "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective."  <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963) (quotation omitted).  "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed."  <u>Sines v. Wilner</u>, 609 F.3d 1070, 1073 (10th Cir. 2010).

On appeal, Boyce contends that he is actually innocent.  However, Boyce's briefing fails to explain how his asserted innocence entitles him to a remedy under § 2241.  Our circuit precedent makes "a showing of actual innocence . . . irrelevant" to whether a remedy under § 2255 is inadequate or ineffective.  <u>Abernathy v. Wandes</u>, 713 F.3d 538, 546 n.7 (10th Cir. 2013), <u>cert. denied sub nom.</u> <u>Abernathy v. Cozza-Rhodes</u>, 134 S. Ct. 1874 (2014).  Rather, a remedy under § 2255 is adequate or effective as long as the movant's "argument challenging the legality of his detention could have been tested in an initial § 2255 motion."  <u>Id.</u> at 547 (quotation omitted).

Boyce claims that he could not have raised his actual innocence claim in his initial habeas proceeding because he did not have access to a recent "confession" in which the

prisoner whom Boyce was convicted of aiding and abetting—and who was convicted of the murder at issue—denies that Boyce was involved in the murder. However, under Abernathy, we do not look to the "the likelihood of success" of a claim; the "inadequate or ineffective" test "doesn't guarantee results, only process." Id. at 548 (quotation omitted). A remedy is available under § 2241 only if a claim procedurally could not have been raised at all via § 2255, such as when the original sentencing court has been dissolved or is unresponsive. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

The proper procedure for a federal prisoner who claims newly discovered evidence demonstrates his innocence is to seek permission to file a second or successive § 2255 motion in the sentencing court. See § 2255(h). Boyce notes various issues— including availability of counsel and time constraints—that would make it more difficult for him to prevail in the sentencing jurisdiction. But again, the likelihood of success does not factor into our "inadequate or ineffective" analysis. See Abernathy, 713 F.3d at 548. Boyce also suggests that the Supreme Court's decision in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), allows him to proceed under § 2241 based on his assertion of actual innocence. He is incorrect. Perkins discusses an actual innocence "gateway" via which a prisoner may overcome procedural or time bars in an initial habeas proceeding. See 133 S. Ct. at 1928, 1934. The Perkins Court explicitly noted the different rules that apply to a second or successive case. Id. at 1933-34 (distinguishing between the heightened

-4-

requirements for second or successive claims and the miscarriage of justice exception applicable to initial habeas claims).

Finally, Boyce argues that the district court should have transferred his case to the original sentencing court. However, to proceed on a second or successive claim in that court, he must first obtain authorization from the Eleventh Circuit. See § 2255(h). Such a request for authorization is the appropriate place for Boyce to advance the substantive claims of error related to his original conviction that he attempts to advance via § 2241.

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge