**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————

MICHAEL DAVIS BRYANT,

      Petitioner-Appellant,

v.

MOSES STANCIL, Acting Warden,
FCI Florence,

      Respondent-Appellee.

No. 16-1500
(D.C. No. 1:16-CV-01952-LTB)
(D. Colo.)

———————————————

**ORDER AND JUDGMENT**[*]
———————————————

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
———————————————

Mr. Michael Davis Bryant is a federal prisoner who sought habeas

relief under 28 U.S.C. § 2241. The district court dismissed for lack of

statutory jurisdiction, reasoning that Mr. Bryant had failed to show that the

remedy under 28 U.S.C. § 2255 was inadequate or ineffective. Mr. Bryant

---

[*] We conclude that oral argument would not materially help us to decide this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

appeals and seeks leave to proceed in forma pauperis. We affirm and grant leave to proceed in forma pauperis.

## The Unavailability of Relief Under § 2241

Mr. Bryant moved to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Washington, and the district court denied the motion. Mr. Bryant then unsuccessfully asked the Ninth Circuit Court of Appeals to allow the filing of a second or successive § 2255 motion.

Unable to file a second or successive § 2255 motion, Mr. Bryant initiated the present case, filing a habeas petition under 28 U.S.C. § 2241 in the District of Colorado. The district court dismissed for lack of statutory jurisdiction, concluding that Mr. Bryant had failed to demonstrate that the remedy in § 2255 was inadequate or ineffective.

Mr. Bryant argues that his sentence should not have been enhanced under the Armed Career Criminal Act. The sole issue is whether this argument could be entertained through a habeas action under 28 U.S.C. § 2241. The district court answered "no," reasoning that the sole remedy in this case was a motion to vacate the sentence under 28 U.S.C. § 2255. We agree.

The typical remedy for a challenge to the validity of a federal sentence is vacatur under 28 U.S.C. § 2255. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). If this statutory remedy is otherwise available, it would authorize vacatur of the sentence if it had been unconstitutional,

2

unlawful, or imposed without authority. 28 U.S.C. § 2255(a). But vacatur of the sentence entails restrictions on timeliness and the filing of second or successive motions. 28 U.S.C. § 2255(e)-(f), (h).

An alternative remedy is sometimes available through a habeas petition under 28 U.S.C. § 2241. But § 2241 cannot ordinarily be used to address the validity of a sentence because of the availability of a remedy under § 2255. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). An exception exists, allowing a prisoner to challenge the validity of a sentence under § 2241 when the remedy in § 2255 is "inadequate or ineffective to test the legality of his detention." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)).

To determine whether the remedy in § 2255 is "inadequate or ineffective," the court focuses on "process" rather than "substance." *Id*. The test is whether the petitioner had an *opportunity* to present and argue his claim under § 2255. *Id*. If the claim could have been presented in the initial § 2255 motion, the remedy in § 2255 is neither inadequate nor ineffective. *Id*.

Mr. Bryant makes three arguments:

1. He cannot file a second or successive § 2255 motion.

2. The Ninth Circuit Court of Appeals erred.

3. He did not realize the need to make certain claims until the Ninth Circuit issued its decision.

We reject each argument.

3

First, Mr. Bryant argues that the remedy under § 2255 was inadequate or ineffective because the Ninth Circuit would not permit him to file a second or successive § 2255 motion. But his inability to file a second § 2255 petition "does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

Second, he argues that the Ninth Circuit erred on the merits. But, even if true, a § 2255 remedy is not inadequate or ineffective "simply because a court errs in rejecting a good argument." *Prost v. Anderson*, 636 F.3d 578, 590 (10th Cir. 2011).

Finally, Mr. Bryant argues that he did not realize the need to present certain arguments until he saw the Ninth Circuit's opinion. But even if Mr. Bryant had not realized the need to make an argument, he could have made it. Thus, the remedy in § 2255 was not inadequate or ineffective. *Id.* at 589.

\* \* \*

The district court correctly concluded that Mr. Bryant could not obtain relief under § 2241. We therefore affirm.

## Leave to Proceed in Forma Pauperis

Mr. Bryant also seeks leave to proceed in forma pauperis. The Court grants this request.

Entered for the Court

Robert E. Bacharach
Circuit Judge

5