FILED
United States Court of Appeals
Tenth Circuit

November 18, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEITH BRYAN WEBB-EL,

    Petitioner - Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

    Respondent - Appellee.

No. 19-1326
(D.C. No. 1:19-CV-00774-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Petitioner Keith Webb-El, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. §

2241 and seeks leave to proceed *in forma pauperis*.[1]  We affirm the dismissal of his

petition and deny his motion to proceed *in forma pauperis*.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Webb-El is a federal prisoner proceeding under § 2241, a
certificate of appealability is not a prerequisite to his appeal. *See McIntosh v. United
States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

# I

In 1985, Mr. Webb-El was convicted in the United States District Court for the Western District of Texas of one count of murder and two counts of injury to a child. He was sentenced to life imprisonment. Since his conviction, Mr. Webb-El has filed at least six unsuccessful motions pursuant to 28 U.S.C. § 2255 in the Western District of Texas in addition to numerous unsuccessful § 2241 petitions in other federal district courts.

Mr. Webb-El filed the instant § 2241 petition on March 15, 2019. The magistrate judge ordered Mr. Webb-El to show cause why the action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to § 2255. Mr. Webb-El did not respond to the court's show cause order. The magistrate judge found that Mr. Webb-El failed to demonstrate that the remedy available in the sentencing court pursuant to § 2255 was inadequate or ineffective. Accordingly, the magistrate judge recommended Mr. Webb-El's § 2241 petition be denied and the action be dismissed for a lack of statutory jurisdiction.

The magistrate judge advised Mr. Webb-El that his failure to file objections to the recommendation may result in him losing his right to appeal the magistrate judge's factual findings. Despite this warning, Mr. Webb-El did not file objections or otherwise respond to the magistrate judge's recommendation. The district court adopted the recommendation in full and dismissed Mr. Webb-El's petition. Mr. Webb-El timely appealed.

**II**

On appeal, this court directed Mr. Webb-El to address the issue of whether he waived appellate review by failing to file objections to the magistrate judge's recommendation. Mr. Webb-El responded that he never received the magistrate judge's recommendation and therefore did not know to file objections. Thus, before we may proceed to the merits of Mr. Webb-El's appeal, we must first address the threshold issue of whether Mr. Webb-El has waived his right to appeal by failing to object to the magistrate judge's recommendation.

In *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991), this circuit noted that "we have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." That rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* However, waiver only applies if a litigant was "properly informed of the consequences of his failure to object." *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

In *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996), we concluded that waiver was "not appropriate" where the magistrate judge's recommendation informed the petitioner that his "failure to file written objections may bar him from appealing the factual findings of the magistrate judge" but did not warn him "that a failure to object waives appellate review of legal questions as well." Similarly here, the magistrate judge only informed Mr. Webb-El that his failure to file objections "may bar [him] from appealing the *factual findings* of the Magistrate Judge that are

3

accepted or adopted by the District Court." ROA at 45 (emphasis added). The magistrate judge recommended dismissal of Mr. Webb-El's petition due to a lack of statutory jurisdiction. Because Mr. Webb-El was not informed that his failure to object would bar review of this legal issue, our waiver rule is inapplicable. *See Talley*, 91 F.3d at 1413. We now turn to the merits of Mr. Webb-El's appeal.

### III

We review de novo the district court's dismissal of a § 2241 petition. *Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004). Mr. Webb-El's instant § 2241 petition challenges the validity of his federal sentence and conviction. Mr. Webb-El's petition alleges that his indictment was defective—an argument he has set forth in several other habeas petitions. *See, e.g.*, *Webb v. Warden Allenwood USP*, 735 F. App'x 42, 42 (3d Cir. 2018) ("At issue here is another § 2241 petition that Webb filed within this Circuit and in which he again claimed that he is innocent because his 1985 superseding indictment was deficient."). Specifically, Mr. Webb-El's petition asserts:

> The parole Commission is acting in violations of the
> Const. and Laws of the U.S. holding the petitioner, indinite
> [sic] for a non-existing capital offense of second degree
> murder, he was not charged by a federal Grand Jury in
> Count One of the Government July 16, 1985 indictment. In
> violation of his 5th Amend. Const. Rights, and Human
> Rights . . . . The U.S. Parole Commission . . . [i]s
> unlawfully confining the petitioner, against his will, in
> voluntary servitude in federal custody, unconstitutionally
> holding the petitioner, to answer for a non-existing capital
> offense of second degree murder. That the petitioner
> Webb-El, was not charged by a Federal Grand Jury on

4

Count One of the U.S. Government July 16, 1985
superseding indictment.

ROA at 5.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" while "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Importantly, a habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). It is "the *prisoner's burden*" to demonstrate that the remedy available pursuant to § 2255 is ineffective or inadequate so that the prisoner can resort to § 2255(e)'s savings clause. *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (emphasis added) (holding that the relevant metric is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion"). If § 2255(e)'s savings clause applies, it permits "a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the conditions of his confinement." *Id.*

Mr. Webb-El, however, did not attempt to demonstrate to the district court that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. Mr. Webb-El failed to respond to a show cause order asking him to

5

demonstrate why § 2255 does not provide an adequate and effective remedy. Mr. Webb-El has also failed to make any such showing to this court. Because Mr. Webb-El has not demonstrated (or even argued) that the remedy available pursuant to § 2255 is inadequate or ineffective, he cannot resort to the savings clause and § 2241. Accordingly, Mr. Webb-El's § 2241 petition was properly dismissed.[2]

Mr. Webb-El has also filed a motion to proceed *in forma pauperis*. Because Mr. Webb-El has not provided a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion is denied. *McIntosh*, 115 F.3d at 813 (quotation omitted).

**IV**

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Webb-El's petition and DENY his motion to proceed *in forma pauperis*.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] We note that Mr. Webb-El has raised several frivolous arguments on appeal that are unrelated to the magistrate judge's analysis of the propriety of his § 2241 petition. Mr. Webb-El contends, without pointing to any evidence in the record, that the district court's dismissal of his § 2241 petition was inconsistent with due process because he was not afforded a fair "adjudication process before a neutral Article III [j]udge." Aplt.'s Br. at 7. He also argues that Congress has not suspended the writ of habeas corpus—an accurate, but irrelevant, assertion. Last, he contends—contrary to our precedent and without support—that the savings clause is unconstitutional. These arguments are wholly without merit.