## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2011

No. 11-50071
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER LEE RUBIO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1553-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher Lee Rubio appeals his sentence following his conviction of possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). After properly calculating a sentencing guidelines range of 188 to 255 months, the district court sentenced him at the bottom of the range to a term of 188 months of imprisonment and five years of supervised release. Rubio contends that his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50071

The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, sentences imposed within a properly calculated guidelines range are presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Rubio contends that his sentence is greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553 and fails to take into account his individual circumstances, including his drug addiction; his relatively limited role as a transporter of marijuana; and his criminal history of only misdemeanors and two controlled-substance-related felony convictions, for which he did not receive more than one year in prison.

The district court considered and rejected these arguments during sentencing. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Rubio's sentence is presumed reasonable because it was within his guidelines range, and he has not shown sufficient reason for this court to disturb that presumption. *See Cooks*, 589 F.3d at 186.

AFFIRMED.