**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER LEE RUBIO,

        Petitioner-Appellant,

    v.

H. A. LEDEZMA,

        Respondent-Appellee.

No. 12-6120

(W.D. of Okla.)

(D.C. No. 5:12-CV-00207-F)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

    Christopher Lee Rubio is a federal prisoner incarcerated in the Federal Correctional Institution at El Reno, Oklahoma who appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Rubio is proceeding pro se, we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

# I.  Background

In 2010, Rubio pleaded guilty to possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) in the Western District of Texas.  The court sentenced him to 188 months in prison, the bottom of the United States Sentencing Guidelines for defendants who fall into the category of career criminals.

On direct appeal he challenged the substantive reasonableness of his sentence, claiming that the sentence misrepresented the seriousness of his criminal history, and the Fifth Circuit affirmed.  *United States v. Rubio*, 433 F. App'x 289 (5th Cir. 2011).  He also has filed a 28 U.S.C. § 2255 petition for habeas relief now pending before the Western District of Texas.[1]  *See* Defendant's

---

[1]  None of the documents related to Rubio's sentence, conviction, or pending 28 U.S.C. § 2255 petition were included in the appellate record. Nevertheless, we have authority to review them because we may take judicial notice of public records, including district court filings.  *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice of district court record that was not part of the record on appeal).  These documents were located by the magistrate judge, and we have reviewed them.  We sua sponte supplement the appellant record with the unpublished order from the Fifth Circuit denying Rubio's direct appeal, *United States v. Rubio*, No. 433 F. App'x 289 (5th Cir. 2011); Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255, *United States v. Rubio*, Civil Action DR-11-CV-55, Case. Num. 2:09-cr-01553-AM-1 at Doc. 44 (August 11, 2011); and all other documents pertaining to Rubio's conviction, sentencing, appeal, and collateral challenges cited in the Report and Recommendation, R. 8.  We also sua sponte supplement the appellate record with the petitioner's Response to Report and Recommendation of Doyle E.

(continued...)

Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255, *United States v. Rubio*, Civil Action DR-11-CV-55, available at Case. Num. 2:09-cr-01553-AM-1, Doc. 44 (August 11, 2011). (We confirmed that the full name, address, and prisoner number from this case match the one given in the petition at bar, and Rubio, in his objection to the magistrate judge's findings, did not dispute these facts.)

The district court dismissed his petition, finding that it is a challenge to the legality of his conviction and sentence that should have been brought under 28 U.S.C. § 2255 in his sentencing court.

# II. Discussion

We review the district court's denial of Rubio's habeas petition de novo. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

"The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Petitions filed under § 2241 attack the execution of a sentence and are "not an additional, alternative, or supplemental remedy to" § 2255. *Bradshaw*, 86 F.3d at 166. Rubio's § 2241 petition attacks the legality of his conviction and sentence,

---

[1](...continued)
Argo-Magistrate, *Rubio v. Uptown*, Doc. 8 (April 22, 2012).

not its execution. A federal prisoner seeking to attack the validity of a judgment must resort to the remedy provided for in § 2255. *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

There is an exception to this rule that permits a federal prisoner to bring a petition pursuant to § 2241 under limited circumstances when the remedy under § 2255 is inadequate to test the legality of the sentence. *See e.g.*, *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also* 28 U.S.C. § 2255(e). Rubio argues on appeal that the remedy under § 2255 is inadequate because he is bringing an "actual innocence" claim here, while his pending § 2255 motion in the Western District of Texas is an ineffective assistance of counsel claim. But he provides no reason why he could not raise the arguments included in this petition in his § 2255 motion in Texas.

In sum, having failed to demonstrate the remedy available to him under § 2255 is inadequate or ineffective to challenge his conviction or sentence, Rubio cannot proceed under § 2241.

# III. Conclusion

For the reasons stated above, we AFFIRM the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-4-